No. 23-1082

_____

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

_____

DAN HAMILTON, individually and on behalf of all others similarly situated,

Plaintiff-Appellant

v.

AMAZON.COM SERVICES LLC, a Delaware limited liability company,

Defendant-Appellee

_____

On Appeal from the United States District Court of the District of Colorado
Case No. 22-CV-00434-PAB-STV
The Honorable Phillip A. Brimmer, Chief United States District Court Judge

_____

**PLAINTIFF-APPELLANT'S APPENDIX VOLUME II, Pages 291 to 385**

**(ORAL ARGUMENT REQUESTED)**

_____

DAVID H. MILLER
VICTORIA E. GUZMAN
Wilhite & Miller Law Firm
1600 Ogden Street
Denver, Colorado 80218
Telephone: (303) 551-7667
dhmiller@wilhitelawfirm.com
vguzman@wilhitelawfirm.com

*Attorneys for Plaintiff-Appellant*

# APPENDIX VOLUME II

# TABLE OF CONTENTS

Table of Contents……………………………………………………….. 292

Plaintiff's Reply in Support of Motion to Certify Class Action………………….. 293

Courtroom Minutes/Minute Order - Telephonic Discovery Hearing……………. 308

Defendant Amazon.com Services LLC's Motion for Clarification

   of Minute Order [DKT. #58] and for Expedited Ruling……………………….. 310

Response in Opposition to Defendant Amazon.com Services LLC's Motion

   for Clarification of Minute Order [DKT. #58] and for Expedited Ruling……..... 327

Courtroom Minutes/Minute Order - Motion Hearing…………………...……. 332

Defendant Amazon.com Services LLC's Amended Opposition

   to Plaintiff's Motion to Certify Class……………………………………….. 334

Order on Defendant Amazon.com Services LLC's Motion to

   Dismiss Plaintiff's Individual and Class Action Complaint……………………. 347

Final Judgment…………………………………………………...…... 355

Notice of Appeal…………………………………………………….... 357

Letter dated 3/17/23 Regarding Appeal…………………………………… 359

Letter dated 3/17/23 Regarding Docketing…………………………………. 380

Transcript Order Form……………………………………………….... 382

Notification Certifying Record is Complete……………………...…... 385

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 22-cv-00434-PAB-STV**

**DAN HAMILTON,** individually and
on behalf of all others similarly situated

      **Plaintiff,**

**v.**

**AMAZON.COM SERVICES LLC,**
a Delaware limited liability company,

      **Defendant.**

---

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CERTIFY CLASS ACTION

---

The Plaintiff ("Hamilton"), through the undersigned, submits his Reply in support of his Motion to Certify Class Action (ECF No. 26, "Motion"), and states as follows:

### INTRODUCTION

The Defendant ("Amazon") does not dispute that the proposed class meets the criteria for certification. Rather, Amazon rests its opposition on the merits of Hamilton's willfulness claim—which is inappropriate at this stage and based on Amazon's continued attempts to confuse the Court[1]—and Hamilton's proposed notice. ECF No. 49 ("Response"). Hamilton agrees to delay notice until after the Court has ruled on the Motion to Dismiss and is amenable to some of Amazon's proposed changes to the notice. As such, the Class should be certified and Notice should go out as discussed below.

---

[1] Hamilton does not dispute that his Motion should be denied as moot if the Court grants Amazon's Motion to Dismiss, but continues to assert that it is frivolous as it is focuses on holiday pay—payment for non-work time—which is irrelevant to Hamilton's claim.

1

## ARGUMENT

**A.   DETERMINING THE MERITS OF THE WILLFULNESS CLAIM IS PREMATURE**

Amazon asserts that the Class should be limited to putative class members who were employed on or after January 14, 2020, rather than January 14, 2019. While the statute of limitations ("SOL") under the Colorado Wage Act ("CWA") is usually 2 years, it is extended to 3 years when the employer's violation was "willful." C.R.S. § 8-4-122.

Hamilton alleged that: (1) Amazon acknowledged that only hours actually worked on a holiday are considered for overtime purposes, but nevertheless labelled all holiday work time as overtime; (2) Amazon knew that shift differentials must be included in the regular rate, but failed to include the holiday premium shift differential in that calculation; and (3) the question of whether Amazon's alleged violation of the CWA was willful was common to the class. ECF No. 5 at ¶¶ 17, 18, 20–22, 27(b). Thus, Hamilton alleged sufficient facts that Amazon's actions were willful. *Bracamontes v. Bimbo Bakeries U.S.A. Inc., No. 15-CV-02324-RBJ, 2016 WL 5791202*, at *2 (D. Colo. Sept. 30, 2016) ("A plausible claim … 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (citation omitted). As an SOL defense is an affirmative defense, "the defendant bears the burden at the motion to dismiss phase." *Stallings v. Antero Res. Corp.*, No. 1:17-CV-01939-RM-NYW, 2018 WL 1250610, at *7 (D. Colo. Mar. 12, 2018), *report and recommendation adopted,* No. 17-CV-01939-RM-NYW, 2018 WL 2561046 (D. Colo. Apr. 16, 2018). Furthermore, Hamilton's willfulness claim has merit as Colorado law is clear that it does not incorporate the federal exceptions that Amazon rests its pay structure on. *Compare* C.R.S. § 8-4-101 *et. seq.*; 7 C.C.R. 1103-

1 *with* 29 U.S.C. § 207(e)(6). As Amazon merely followed federal law without considering whether Colorado law offered more protections, its violation was willful. *See Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1189–90 (D. Colo. 2012).

Though Amazon filed a Motion to Dismiss, it failed to raise the issue of the SOL until now, ignoring ample case law stating that approach is incorrect. *See* ECF No. 15; ECF No. 49 at 4–8; *see e.g., Judd v. KeyPoint Gov't Sols., Inc.*, No. 18-CV-00327-RM-STV, 2018 WL 4383037, at \*6 (D. Colo. July 30, 2018), *report and recommendation adopted,* No. 18-CV-00327-RM-STV, 2018 WL 7142193 (D. Colo. Dec. 4, 2018) ("[W]hether a putative class member's claims are barred by the SOL is a defense that the defendant must prove *at a later stage*") (emphasis added); *Lysyj v. Milner Distribution All., Inc.*, No. 13-cv-01930-RM-MJW, 2014 WL 273214, at \*4 (D. Colo. Jan. 24, 2014) ("Plaintiffs have met their burden as to … certification, and it is now up to Defendants *at a later stage* to demonstrate that … claims should be barred …by the SOL,") (emphasis added); *Cook v. Rockwell Int'l Corp.*, 151 F.R.D. 378, 386 (D. Colo. 1993) ("[A]n inquiry into a claimed affirmative defense impermissibly allows an issue going to the merits of the litigation to intrude upon the class certification analysis required by Rule 23."). While Hamilton's willfulness claim has merit, such a decision is premature. Thus, the putative class should be certified for a period dating back three years to present, and may be modified, if necessary.

### B.  TEXT MESSAGE NOTICE, WORKPLACE POSTING, AND NOTICE BY PAYSTUB ARE NOT UNWARRANTED

Hamilton requested email and text message notice as U.S. Mail is not the "best notice that is practicable under the circumstances" given the size of the class and recent

3

societal changes over the past couple of years. *See* F.R.C.P. 23(c)(2). Amazon's argument that Notice should be sent via U.S. Mail only, because that is how it has been traditionally done, ignores ample case law allowing notice via multiple methods. *See e.g., Pliego v. Los Arcos Mexican Restaurants, Inc.*, No. 14-CV-01686-RM-KMT, 2015 WL 4600726, at *3 (D. Colo. July 31, 2015) (ordering three forms of notice); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 493 (E.D. Cal. 2006) (ordering three forms of notice); *Johnson v. Am. Airlines, Inc.,* 531 F.Supp. 957, 961 (N.D.Tex.1982) (ordering three forms of notice); *Beltran v. InterExchange, Inc.*, No. 14-CV-03074-CMA-CBS, 2017 WL 4418684, at *6 (D. Colo. Apr. 28, 2017) (ordering at least four forms of notice).

Notice by text message in not less reliable, nor is it unnecessarily invasive. Amazon fails to assert any rationale for its allegation that notice by text message is less reliable. Rather, "notice by email and text is reasonable in today's mobile society and that these methods of communication may offer a more reliable means of reaching an individual." *Pogue v. Chisholm Energy Operating, LLC*, No. 2:20-CV-00580-KWR-KK, 2021 WL 5861184, at *9 (D.N.M. Dec. 10, 2021) (quoting *Calvillo v. Bull Rogers, Inc.*, 267 F. Supp. 3d 1307, 1315 (D.N.M. 2017). This is because people change addresses regularly, but typically maintain the same phone number. *See Kibler v. Kroger Companies*, No. 21-CV-00509-PAB-KMT, 2022 WL 268056, at *8 (D. Colo. Jan. 28, 2022) (requiring production of telephone numbers to aid in locating current addresses). In response to recent changes to communication, Courts have been more inclined to allow notice via text and other electronic means. *See e.g., Kenney v. Helix TCS, Inc.*, No. 17-CV-01755-CMA-KMT, 2021 WL 1634506, at *5 (D. Colo. Apr. 27, 2021) (allowing notice to be made by

mail, email, and text message); *Thrower v. Universal Pegasus, Int'l Inc.*, 484 F. Supp. 3d 473, 489–90 (S.D. Tex. 2020); *Weeks v. Matrix Absence Mgmt. Inc.*, 494 F. Supp. 3d 653, 659 (D. Ariz. 2020); *Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp. 3d 1079, 1129-30 (D.N.M. 2017) (allowing notice by email and text message because it would "increase the chance of the class members receiving and reading the notice"); *Felps v. Mewbourne Oil Co., Inc.*, 460 F. Supp. 3d 1232, 1241 (D.N.M. 2020) (approving notice via mail, e-mail, and text message).

Likewise, Amazon alleged no reason why notice via text message would be unnecessarily invasive. *See* ECF No. 49 at 11. The only rationale in Amazon's cited cases is that production of the class members' phone numbers would be an intrusion on their privacy, however, this Court has required the production of class members' phone numbers even when notice by text message is not requested. *Compare Anderson v. Minacs Grp. (USA) Inc.*, No. 16-13942, 2017 WL 1856276, *9 (E.D. Mich. May 9, 2017) with Kibler*, 2022 WL 268056, at *8. Thus, that argument falls flat.

Notice by text message is far less cumbersome, more cost effective, and the best way to ensure receipt of notice. Unlike mailed notice which must be individually processed, notice by text message can be sent in batches by simply copying and pasting. Furthermore, unlike mail that can be misplaced or lost, a text message appears on someone's phone, and must be partially viewed before it can be deleted or ignored. Thus, putative class members are actually more likely to read the notice if received via text message. Moreover, when a text message cannot be delivered, the sender receives immediate notification, whereas it can take weeks for the sender to be notified that

U.S. Mail cannot be delivered as addressed. Instant notification allows class counsel to use the notice period effectively, to ensure that, in fact, as many class members as possible receive notice.

Additionally, Hamilton has ample reason to post the Notice in Amazon's workplaces.  First, as noted in Hamilton's Motion, additional Notice to employees furthers the broad remedial purpose of the CWA. *See Guarriello v. Asnani*, 517 F. Supp. 3d 1164, 1176 (D.N.M. 2021). Second, the request to post in Amazon's workplaces is based on a concern for the difficulty in *identifying* putative class members. This case is based on a narrow claim that only arose during seven discreet weeks each year. Despite this, Amazon has identified more than 10,000 putative class members. Given the number of individuals already identified, and the requirements that must be met to be considered a member of the class, there is a real-world possibility that Amazon missed class members who will never receive notice if notice is only given to those identified by Amazon. *See Pliego.*, 2015 WL 4600726, at *3; *Romero*, 235 F.R.D. at 493; *Johnson*, 531 F.Supp. at 961. Moreover, as Amazon only has five locations at issue, the burden of posting notice in the breakrooms or other areas frequented by putative class members for those five locations is minimal. *See id.*; *see also* ECF No. 5 at ¶ 9.

Finally, the Court should likewise require Amazon to provide notice to all putative class members with the first paycheck issued during the notice period. *See Pliego*, 2015 WL 4600726, at *3. While electronic notice increases the chance that the putative class members will see the notice, text messages can be ignored, and emails can go to spam. However, people regularly view their paychecks and any information provided with their paychecks will be viewed as more trustworthy than information received from an

unknown sender. Additionally, Amazon's claims about the burdens it will face if it is required to provide notice with employee paychecks is disingenuous. Hamilton receives his paystubs online. Hamilton is not suggesting that Amazon alter its paystub distribution system in any way. Furthermore, the Notice expressly instructs putative class members to contact Plaintiff's counsel with any questions and provides that contact information throughout the Notice. Thus, it is unlikely that Amazon will be inundated with questions about the Notice. Even if Amazon receives some questions from putative employees, Amazon *requested* to have its counsel's contact information added to the Notice for that purpose. Amazon cannot complain about the possibility of receiving questions while insisting that its contact information be given for that purpose.

Therefore, Hamilton reaffirms his request to send notice via email and text message, with U.S. Mail reserved *only* for those whose email and text messages were unsuccessful; and for the Court to order Amazon to post notice in the workplace during the notice period and to provide a copy of the notice with the first paystub issued during the notice period.

### C. THIRD-PARTY ADMINISTRATOR

Amazon fails to provide any justification for its opposition to Plaintiff's counsel sending Notice. *See* ECF No. 49 at 13. Amazon further asserts, without any justification, that the class's privacy rights will be violated if a third-party administrator is not used. *See id.* However, when a defendant fails to assert any reason *why* a third-party administrator should be required, courts in this Circuit have rejected the request that a third-party be used. *See e.g., Abdulina v. Eberl's Temp. Servs., Inc.*, No. 14-CV-00314-

RM-NYW, 2015 WL 12550929, at *7 (D. Colo. Apr. 27, 2015), *report and recommendation adopted as modified,* No. 14-CV-00314-RM-NYW, 2015 WL 4624251 (D. Colo. Aug. 4, 2015) (rejecting the  request for the use a third-party administrator and the attendant cost of such due speculation of abuse of telephone numbers); *Sanchez v. Simply Right, Inc.*, No. 15-CV-00974-RM-MEH, 2017 WL 2230079, at *7 (D. Colo. May 22, 2017) (denying request to use third-party because Defendant's failed to assert why it would be "just and proper" to require an administrator).

Plaintiff's counsel have acted as the class administrator in numerous state and federal class actions and have never had an integrity issue raised.[2] Plaintiff's counsel received an estimate from a third-party administrator that the proposed notice would cost upwards of $12,000.00. Plaintiff's counsel will follow the same process that a third-party administrator would follow but can effectuate notice for a fraction of that cost. Furthermore, counsel in this case have been effectively and professionally communicating. *See Cannon v. Time Warner NY Cable LLC*, No. 13-CV-02521-RM-MJW, 2014 WL 4401313, at *7 (D. Colo. Sept. 5, 2014), *report and recommendation adopted as modified,* No. 13-CV-02521-RM-MJW, 2014 WL 4980383 (D. Colo. Oct. 6, 2014) (Due to the "cantankerous" relationship between counsel, the Court ordered the use of a third-party with the parties to share the costs 50/50). Finally, there are no privacy

---

[2] *See Pilmenstein v. Devereux Cleo Wallace*, No. 2017CV30319 (Jefferson Dist. Ct.) (Notice sent to almost 600 individuals); *Crepeau v. PDQ Truck, LLC*, 1:15-cv-02750-CMA-MLC (D. Colo.); *Leyvas v. Sage Dentistry II, LLC*, No. 18CV33524 (Den. Dist. Co.); *Dominguez v. Wilson Roofing Division, LLC*, No. 16-cv-00177 (D. Colo.); *Bowers v. Tension International, Inc.*, 16-0562-CV (W.D. Mo.); *Johnson v. Colorado Seminary*, No. 17-cv-02074 (D. Colo.); and *Collins v. DKL Ventures, LLC*, No. 16-cv-00070 (D. Colo.).

concerns as courts regularly require employers to produce contact information to the Plaintiff for the purpose of locating class members. *See Kibler*, 2022 WL 268056, at *8.

Plaintiff therefore respectfully requests that counsel be permitted to send notice. If the Court orders the use of a third-party administrator, the Plaintiff respectfully request that the Defendant be ordered to share that cost. *See Cannon*, 2014 WL 4401313, at *7.

### D. PLAINTIFF'S NOTICE PROPOSAL DOES NOT REQUIRE REVISIONS, BUT PLAINTIFF IS AMENDABLE TO SOME OF THE DEFENDANT'S REQUESTS AS DESCRIBED HEREUNDER

First, if the Defendant's proposed language to Section 5 were allowed, it would only serve to confuse putative class members. It is undisputed that Holiday Pay should not be included in the regular rate. Section 4 says nothing about holiday pay. However, Hamilton is willing to amend Section 5 to resemble Amazon's proposed language.

Second, Section 12 merely informs the putative class members of their rights under the law. *See Furlow v. Bullzeye Oilfield Serv., LLC*, No. SA–15–CA–1156–DAE, 2016 WL 7616704, *2 (W.D. Tex. May 4, 2016). While retaliation is prohibited, many employees remain concerned that they will face retaliation without redress, and the second sentence merely notifies the putative class members of the potential for redress, so they "can make informed decisions about whether to participate" in this case. *See Friedly v. Union Bank & Tr. Co.*, No. 4:21CV3105, 2021 WL 5773680, at *6 (D. Neb. Nov. 19, 2021), *report and recommendation adopted,* No. 4:21-CV-3105, 2021 WL 5771278 (D. Neb. Dec. 6, 2021) (quoting *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 170 (1989)). "The potential of chilled participation in an [unpaid wages] action due to fear of retaliation by an employer is a recognized concern." *Friedly*, 2021 WL 5773680, at *6. Thus, the second sentence in Section 12 should remain in the Notice.

Third, Hamilton is not opposed to including Amazon's counsel's contact information on the notice as it is a matter of public record and agrees that the Notice should include information about how putative class members can view or obtain a copy of the Complaint. These changes, along with the amendment to Section 5 have been made to the Amended Notice attached as Exhibit 1.

Finally, as discussed, it is premature to determine the merits of the willfulness claim. Thus, the time period on the Notice should reflect the three-year limitations period.

## **CONCLUSION**

WHEREFORE, the Plaintiff respectfully asks the Court to grant his Motion to Certify Class Action and enter an Order granting the relief requested with the modifications to Approve the Notice Form attached as Exhibit 1 and to delay the timeline requested until after the Court issues its determination on the Motion to Dismiss.

Respectfully submitted on this 29th day of June, 2022.

*/s/ David H. Miller*

_____

David H. Miller
Victoria E. Guzman
THE SAWAYA & MILLER LAW FIRM
1600 Ogden Street
Denver, Colorado 80218
Telephone: 303-839-1650
E-mail: DHMiller@sawayalaw.com
VGuzman@sawayalaw.com

*Counsel for the Plaintiff*

10

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this 29th day of June, 2022, I electronically filed the foregoing Reply through the Court's CM/ECF System, generating a true and accurate copy of this document to all counsel of record.

*/s/ Leroy Moya*
_____
Leroy Moya

**EXHIBIT 1**

### NOTICE OF CLASS ACTION LAWSUIT

**If you work or worked for Amazon.com Services LLC (a.k.a. Amazon.com Services, Inc.), as a non-exempt hourly employee in an AMZL workplace and/ or Fulfillment Center in Colorado and worked more than 40 hours during weeks in which you also worked on a company designated holiday from January 14, 2019 to present, please read this notice. A class action lawsuit may affect your rights.**

*A Federal court authorized this notice. This is not a solicitation from a lawyer.*

A current Amazon employee has sued the company in a class action, claiming that Amazon violated Colorado wage and hour law by: (1) paying time and a half of each employee's agreed upon rate of pay for time worked on a company designated holiday, and (2) failing to include that holiday premium rate in the calculation of the regular rate of pay for that week for overtime purposes. The employee claims that as a result of these policies, Amazon failed to pay employees all overtime compensation for hours that they worked in Colorado.

The employee filed his lawsuit in the District Court of Arapahoe County, Colorado, but it was removed to United States District Court for the District of Colorado in Denver, Colorado where the case is pending as *Hamilton v. Amazon.com Services LLC.*, Case No. 22-cv-00434-PAB-STV. The Court has authorized the sending of this notice to inform you of your rights and options with regard to the lawsuit.

| YOUR LEGAL RIGHTS AND OPTIONS ||
|---|---|
| **DO NOTHING AND BE INCLUDED** | If you take no action, you may be considered to be part of the Class. You will keep the possibility of getting money or benefits from a trial or a settlement of the wage and hour claims, and will give up any rights to sue the Defendant separately about the same claims in the lawsuit. Any settlement or judgement in the lawsuit will include all Class Members who do not request to be excluded. Class members may be represented by the Plaintiff's attorneys, or may enter an appearance through their own attorney(s). |
| **EXCLUDE YOURSELF** | The Court will exclude you from the class if you request exclusion by sending the Opt-out form attached to this Notice to attorney David H. Miller by ==[60 days from mailing].== If you request to be excluded, you will give up the possibility of getting money or benefits from any judgement or settlement in the case. You will keep the right to sue the Defendant separately about the claims in the lawsuit, but the statue(s) of limitations will continue to run (or may have already run) on any claims you might have. |

**More questions? Contact Leroy Moya at the Sawaya & Miller Law Firm at 303-839-1650 x 1077 or lmoya@sawayalaw.com**

| **1. Why did I get this Notice?** |
| --- |

Amazon's records show that you currently work or previously worked for Amazon in an AMZL workplace and/or Fulfillment Center as a non-exempt hourly employee in Colorado who worked more than 40 hours during a week in which you also worked on a company designated holiday between January 14, 2019 and the present. You have legal rights and options that you may exercise in the case.

| **2. What is a class action and who is involved?** |
| --- |

In a class action lawsuit, one or more people sue on behalf of himself, herself, or themselves and others who have similar claims. The employee who has sued is called the Plaintiff. The individuals on whose behalf the Plaintiff sue are called the Class. Amazon is called the Defendant. One court resolves the issues for everyone who does not request to be excluded from the case.

| **3. Why is this lawsuit a class action?** |
| --- |

The Plaintiff who filed the lawsuit alleges that there is a group of employees who were subject to the same pay policies and practices.

| **4. What are the Plaintiff's claims?** |
| --- |

The Plaintiff alleges that Amazon violated his rights and the Class Members' rights by: (A) failing to pay all overtime earned during weeks that they worked in excess of 40 hours and on a company designated holiday. The Plaintiff alleges that this violation was the result of Amazon's uniform policies, practices, and procedures of: (A) paying time and a half of each employee's agreed upon rate of pay for time worked on a company designated holiday; and (B) failing to include that holiday premium payment in the calculation of the regular rate of pay for overtime purposes.

| **5. What is Amazon's position?** |
| --- |

Amazon denies the Plaintiff's allegations that the time and a half payment for hours worked on company designated holidays, or holiday premium payment, must be included in the calculation of the regular rate, and further denies that it paid the Plaintiff and Class Members improperly.

| **6. Has the Court decided who is right?** |
| --- |

The Court has not decided whether the Plaintiff or Amazon are correct. By authorizing this notice, the Court is not suggesting that the Plaintiff will win or lose the case.

| **7. What is the Plaintiff asking for?** |
| --- |

**More questions? Contact Leroy Moya at the Sawaya & Miller Law Firm at 303-839-1650 x 1077 or lmoya@sawayalaw.com**

The Plaintiff is asking to be compensated at a premium rate based on his regular rate of pay for all of the overtime he was not properly compensated, and for statutory penalties under the Colorado Wage Act, for himself and all of the Class Members. He is also asking to be reimbursed for his attorney's fees and costs in the lawsuit.

**8. I am not sure if I am included in this lawsuit.**

If you are still not sure whether you are included, you can get free help by contacting the lawyers who are representing the Plaintiff in this case by using the contact information listed at the bottom of each page. Otherwise, you may seek legal advice from any attorney of your choice at your own expense.

**9. What happens if I do nothing at all?**

If you do not request to be excluded from this class action and you are considered to be part of the Class, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable, on the claims asserted. By doing nothing, you designate the named Plaintiff as your representative, and to the fullest extent possible, to make decisions on our behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiff's counsel regarding payment of attorneys' fees and costs, the approval of settlements, and all other matters pertaining to this lawsuit. While this suit is pending, you may be asked to provide information to the attorneys representing either party.

**10. How do I ask to be excluded?**

You may request to be excluded from this class action by signing and sending the red opt-out form attached to this Notice to the Plaintiff's attorneys at:

AMAZON CLASS ACTION LAWSUIT
Attn: David H. Miller
The Sawaya & Miller Law Firm
1600 Ogden Street
Denver, Colorado 80218
lmoya@sawayalaw.com

**The signed Opt-out form must be postmarked or received via e-mail by [60 days from mailing]. Any settlement or judgment will include all Class Members who do not request to be excluded by [60 days from mailing].**

**11. Should I get a lawyer?**

If you do not request to be excluded, you may either allow Plaintiff's counsel to continue working on your behalf, or you may enter an appearance through your own lawyer. If you want to enter an appearance through your own lawyer, you may have to pay that lawyer.

**12. How will the lawyers get paid?**

**More questions? Contact Leroy Moya at the Sawaya & Miller Law Firm at 303-839-1650 x 1077 or lmoya@sawayalaw.com**

The named Plaintiff has entered into contingency fee agreement with his counsel, which means that if you do not win, there will be no attorneys' fees or costs chargeable to you. In the event that there is a recovery, under the fee agreement Plaintiff's counsel will receive reimbursement for their reasonable costs and a percentage of any settlement obtained or money judgment entered in favor of all members of the Class. Alternatively, the Court may be asked to determine the amount of attorney's fees. The fees may be part of a settlement obtained or money judgment entered in favor of the Plaintiff, or may be ordered by the Court to be paid separately by the Defendant, or may be a combination of the two. A copy of the contingency fee agreement executed by the named Plaintiff may be obtained upon request from Plaintiff's counsel identified below

## 12. Retaliation is Prohibited.

Colorado law prohibits retaliation against you in any way if you choose to participate in this case. You may be entitled to additional damages should a court determine that any adverse action was taken against you for joining or remaining in this lawsuit.

## 13. Are more details available?

Yes. If you have any questions, require additional information, or would like a copy of the Complaint, please contact the attorney for Plaintiff in this lawsuit: David Miller at the Sawaya & Miller Law Firm, 1600 Ogden Street Denver, Colorado 80218, (303) 839-1650 ext. 1090, or dhmiller@sawayalaw.com

## 14. Who is the attorney for Amazon?

Amazon's attorney in this lawsuit is Jennifer Harpole at Littler Mendelson, P.C., 1900 Sixteenth Street, Ste. 800, Denver, CO 80202, (303) 629-6200, or jharpole@littler.com

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS MATTER.**

**More questions? Contact Leroy Moya at the Sawaya & Miller Law Firm at 303-839-1650 x 1077 or lmoya@sawayalaw.com**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**MAGISTRATE JUDGE SCOTT T. VARHOLAK**

| | |
|---|---|
| Civil Action:22-cv-00434-PAB-STV | FTR - Reporter Deck - Courtroom A402 |
| Date: November 8, 2022 | Courtroom Deputy:  Monique Ortiz |

_Parties:_                                    _Counsel:_


DANIEL HAMILTON                    David Miller
                                         Victoria Guzman

        Plaintiff,

  v.


AMAZON.COM SERVICES LLC          Sarah Watt
                                         Jennifer Harpole

        Defendant.

---

### COURTROOM MINUTES/MINUTE ORDER

---

**TELEPHONIC DISCOVERY HEARING**
**Court in session:   9:07 a.m.**
Court calls case.  Appearance of counsel.

This matter is before the court on the issue of whether or not Defendants have waived privilege by invoking a good faith defense, as set forth in the joint statement submitted by the parties.

Preliminary statements by the court.

Arguments by counsel.

For the reasons as stated on the record, it is:

**ORDERED:**        The court finds that the Defendant has put at issue the advice of counsel, as stated on the record.  The court will permit the Defendant, consistent with the line of cases stated on the record by the court,  to withdraw the Motion to Dismiss [ECF Doc. No. 15], should they

choose to do so, within seven (7) days of the court's order today.

Counsel for Defendant informs the court that they will be appealing the court's decision today to the District Court and requests that the deposition scheduled for November 9, 2022, be stayed until a result of that appeal.

The court advises the parties that if they would like to submit new proposed dates until the court can address the appeal, they may do so.

HEARING CONCLUDED.
**Court in  recess:    9:33 a.m.**
Time In Court:        00:26

To order a transcript of this proceeding, contact Patterson Transcription Company at (303)755-4536 <u>OR</u> AB Litigation Services at (303)629-8534.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00434-PAB-STV

DAN HAMILTON, Individually and on behalf of
all others similarly situated,

            Plaintiff,

v.

AMAZON.COM SERVICES LLC,

          Defendant.

---

### DEFENDANT AMAZON.COM SERVICES LLC'S MOTION FOR CLARIFICATION OF MINUTE ORDER [DKT. #58] AND FOR EXPEDITED RULING

---

Defendant Amazon.com Service LLC ("Amazon") moves to clarify the Court's Minute Order dated November 8, 2022 [Dkt. #58]. In its Order, the Court found that Amazon put at issue the advice of counsel by affirmatively asserting in briefing pending before the Court that Amazon did not willfully violate Colorado law.  As explained in the Parties' November 4, 2022 Joint Statement Regarding Discovery Dispute (Exhibit A), Amazon raised its defense of lack of willfulness in its Opposition to Plaintiff's Motion to Certify Class Action ("Opposition to Class Certification") [Dkt. #49], arguing that, to the extent a class is certified, the appropriate limitations period is two, rather than three, years.  However, the Minute Order provides that Amazon can preserve privilege by withdrawing its *Motion to Dismiss* [Dkt. #15], which does *not* make any willfulness argument.  Amazon believes that the Court intended to allow Amazon to withdraw the objectionable portion of its *Opposition to Class Certification* to preserve privilege, not its Motion to Dismiss. Given that the Court gave Amazon a deadline of November 15, 2022 to withdraw the

operative motion, Amazon respectfully requests that the Court provide clarification on an expedited basis. In support of this Motion, Amazon states as follows:

1.      On March 3, 2022, Amazon filed a Motion to Dismiss Plaintiff's Individual and Class Action Complaint [Dkt. #15]. Amazon did not assert a lack of willfulness in its Motion to Dismiss. *Id.* On March 24, 2022, Plaintiff filed its Response in Opposition to Defendant's Motion to Dismiss [Dkt. #16].  On April 7, 2022, Amazon filed a Reply in Support of its Motion to Dismiss [Dkt. #24]. Amazon did not assert a lack of willfulness in its Reply. *Id.*

2.      On April 14, 2022, Plaintiff filed a Motion to Certify Class Action [Dkt. #26]. On June 16, 2022, Amazon filed its Opposition to Plaintiff's Motion to Certify Class Action [Dkt. # 49]. The Opposition to Class Certification asserts that, although the Complaint should be dismissed in its entirety, to the extent the Court certifies a class, the appropriate limitations period is two years rather than three, because Plaintiff has not and cannot show that Amazon willfully violated Colorado law. *Id.*

3.      On November 4, 2022, Plaintiff and Amazon emailed a Joint Statement Regarding Discovery Dispute ("Joint Statement") to Judge Varholak's chambers.  Exhibit A.  In the Joint Statement, the Parties jointly informed the Court that "Defendant opposed class certification in part with respect to claims that may have existed prior to January 14, 2020, arguing that the statute of limitations should be limited to two years because the Defendant's actions were not willful. [Dkt. #49] *Id.* at 4–8." In Plaintiff's portion of the Joint Statement, Plaintiff additionally argued: "It is the Plaintiff's position that as the Defendant alleged that it 'acted eminently reasonably, and certainly not recklessly, in interpreting Colorado's regulation' the Defendant invoked a good faith defense against willfulness. *See* ECF No. 49 at 7." In other words, the Parties jointly agreed that

the question before the Court was whether, by filing the Opposition to Class Certification, Amazon waived privilege as to its efforts to comply with Colorado law regarding the proper calculation of the regular rate of pay for warehouse employees who worked on a holiday.  The Parties did not discuss the Motion to Dismiss at all in the Joint Statement, nor did they discuss it at yesterday's hearing before Judge Varholak.

4.      Therefore, Amazon respectfully submits that Amazon should be permitted to withdraw the objectionable portion of its Opposition to Class Certification to maintain privilege, rather than the Motion to Dismiss.  That is, Amazon seeks clarification that it may file an amended Opposition to Class Certification that removes all contentions that Amazon acted reasonably in its determination of how to pay overtime in Colorado.  However, Amazon can continue to assert other arguments in opposition to class certification that do not put Amazon's good faith at issue, including that the Complaint contains no allegations that Amazon willfully violated Colorado law, and that Plaintiff's claim is an issue of first impression nationwide, with no case law, agency interpretation, or statutory or regulatory authority holding that the regular rate for overtime needs to be calculated the way Plaintiff alleges.  Amazon requests that the Court issue a clarification of its Minute Order to this effect, and that the Court do so on an expedited basis, given the November 15 deadline in the Court's Order.

5.      On November 9, 2022, pursuant to D.C.Colo.L.Civ.R. 7.1(a), Amazon's counsel conferred with counsel for Plaintiff Dan Hamilton ("Plaintiff") regarding the instant Motion. Counsel for Plaintiff opposes the relief requested.

Dated: November 9, 2022

Respectfully submitted,

*s/ Sarah K. Watt*
Jennifer S. Harpole
Sarah K. Watt
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
jharpole@littler.com
swatt@littler.com
Telephone:    303.629.6200
Facsimile:     303.629.0200

**Attorneys for Defendant**
**Amazon.com Services LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November, 2022, I electronically filed the foregoing **DEFENDANT AMAZON.COM SERVICES LLC'S MOTION FOR CLARIFICATION OF MINUTE ORDER [DKT. #58] AND FOR EXPEDITED RULING** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

David H. Miller
Victoria E. Guzman
THE SAWAYA & MILLER LAW FIRM
1600 Ogden Street
Denver, CO 80218
Telephone: (303) 551-7667
dhmiller@sawayalaw.com
vguzman@sawayalaw.com
*Attorneys for Plaintiff*

                                        *s/ Vicky Ramirez*
                                        Vicky Ramirez

4866-8581-7150.3 / 096748-1008

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 22-cv-00434-PAB-STV**

**DAN HAMILTON,** individually and
on behalf of all others similarly situated

      **Plaintiff,**

**v.**

**AMAZON.COM SERVICES LLC,**
a Delaware limited liability company,

      **Defendant.**

---

### JOINT STATEMENT REGARDING DISCOVERY DISPUTE

---

The Plaintiff, Dan Hamilton, and the Defendant, Amazon.com Services LLC, through their undersigned counsel hereby jointly submit this Joint Statement Regarding Discovery Dispute pursuant to Magistrate Judge Varholak's Civil Practice Standards, and state as follows:

BACKGROUND

The Plaintiff filed a Motion to Certify Class Action on April 14, 2022. ECF No. 26. The Defendant filed its Opposition on June 16, 2022. ECF No. 49. The Defendant opposed class certification in part with respect to claims that may have existed prior to January 14, 2020, arguing that the statute of limitations should be limited to two years because the Defendant's actions were not willful. *Id*. at 4–8. Pursuant to the Court's Scheduling Order the current discovery is limited to the issue of liability. ECF No. 38 at 7.

1

The Plaintiff served his Amended Notice of Rule 30(B)(6) Deposition of Defendant on October 7, 2022 ("Notice"). In pertinent part, proposed topics 1–3 requested that the designated representative be able to testify to matters including:

1. Amazon.com Services LLC's policies, practices, and procedures regarding the payment of overtime during weeks with holidays between January 14, 2019 and the present ("Relevant Period");

2. Any decision-making process that led to the creation, implementation, or maintenance of Amazon.com Services LLC's policies, practices, and procedures regarding the payment of overtime during weeks with holidays during the Relevant Period;

3. Any review, analysis, or investigation undertaken by Amazon.com Services LLC applicable during the Relevant Period to determine whether any of Amazon.com Services LLC's policies, practices, and procedures regarding the payment of overtime during weeks with holidays was legal in the State of Colorado;

On November 1, 2022, Defendant's counsel sent Plaintiff's counsel their objections. Attached as Exhibit 1. The Parties have agreed that these topics are limited to non-exempt warehouse employees who work within the State of Colorado. Defendant additionally objected to these topics "to the extent they seek information protected by attorney-client privilege . . . with respect to Amazon's efforts to ensure legal compliance with Colorado regular rate and overtime requirements." The Parties now seek the Court's assistance in determining whether the Plaintiff will be permitted to ask questions related to Defendant's privileged efforts to ensure that it complied with Colorado law for the payment of overtime during weeks that non-exempt employees were offered a premium rate for working on a holiday.

App. Vol. II 317

<u>PLAINTIFF'S POSITION</u>

The Plaintiff desires discovery to support his claim that the Defendant's actions were willful. Under the Colorado Wage Act ("CWA"), C.R.S. § 8-4-101, *et seq*, the finding of willfulness serves two purposes: (1) to increase penalties by 50%; and (2) to extend the statute of limitations from 2 years to 3 years. C.R.S. § 8-4-109(3)(c); C.R.S. § 8-4-122. However, the CWA does not draw a distinction between the two. *See* C.R.S. § 8-4-101, *et seq.*  While the Defendant erroneously asserts that willfulness under the CWA only pertains to the statute of limitations, a defense that its actions were not willful implicates the Defendant's liability as to both additional penalties *and* the statute of limitations. *See* C.R.S. § 8-4-109(3)(c); C. R.S. § 8-4-122.

It is the Plaintiff's position that as the Defendant alleged that it "acted eminently reasonably, and certainly not recklessly, in interpreting Colorado's regulation" the Defendant invoked a good faith defense against willfulness. *See* ECF No. 49 at 7. Further, the Defendant has baldly, and erroneously, stated that all 50 states follow the FLSA on the calculation of overtime during weeks in which a premium is offered for work on a holiday, but has refused to produce any documentation supporting that statement, produce any documentation supporting its efforts to verify that statement, and now be questioned on the efforts made to support that statement. *See* Exhibit 2: Defendant's Objections and Responses to Plaintiff's First Set of Discovery Requests at 3; Exhibit 3: Plaintiff's Discovery Dispute Letter to Defendant at 2; Exhibit 1 at 2. While this case is interesting to the extent that the issue of willfulness is being debated without the Defendant having filed an Answer, the Defendant has nevertheless asserted the defense in its motions practice. *See* ECF No. 49 at 7. As such, reports, opinion letters, and communications from an attorney for policy creation and maintenance purposes are relevant to willfulness and are therefore

discoverable. *See Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 618 (S.D.N.Y. 2014)

(asserting a good faith defense in a wage action, employer waives attorney-client privilege); *see

also Maar v. Beall's, Inc.*, 237 F. Supp. 3d 1336, 1340 (S.D. Fla. 2017).

In objecting to the Plaintiff's Notice, the Defendant cited *Nelson v. Sabre Companies, LLC*,

No. 115CV00314BKSTWD, 2018 WL 4030533, at *3 (N.D.N.Y. July 9, 2018), arguing that

attorney client privilege is not waived when a defendant merely asserts the defense of statute of

limitations. However, the Defendant's cited case law supports the Plaintiff's position. While it is

true that federal courts have drawn a distinction between good faith and statute of limitations

defenses that are both rooted in willfulness, those same courts have found that when the Defendant

puts its state of mind at issue, regardless of whether the advice of counsel is implicated, the

Defendant waives privilege. *See Nelson*, 2018 WL 4030533, at *4. In *Nelson*, the Defendant

argued that privilege was not waived because he based his determinations as to employees on

previous job experience, and not on the advice of counsel. *See id.* The Court reviewed the

Defendant's communications in camera and found that the Defendant had indeed communicated

with counsel on issue in the case and determined that regardless of whether the Defendant intended

to rely upon advice of counsel in his good faith defense, the Plaintiff was entitled to the information

to refute the Defendant's good faith defense. *Id.* Here, the Defendant has implicated its state of

mind with its bald claim that it acted "eminently reasonably" and has admitted that "Defendant's

legal department furnished legal updates and other information regarding overtime calculations.

Defendant also receives and relies upon information from external legal and compliance advisors

and resources." *See* ECF No. 49 at 7; Ex. 2 at 3. While the Defendant may believe that only the

statute of limitations is implicated with its defense that its actions were not willful, that is not the

case. *See* C.R.S. 8-4-109(3)(c). Thus, the Plaintiff is entitled to obtain discovery on all of the Defendant's efforts to ensure that it complied with Colorado law for the payment of overtime during weeks that non-exempt employees were offered a premium rate for working on a holiday. Therefore, Plaintiff respectfully requests the Court to overrule the Defendant's objection.

<u>DEFENDANT'S POSITION</u>

Plaintiff seeks to undermine one of the most fundamental legal protections—the attorney-client privilege—and force Defendant Amazon.com Services LLC ("Amazon") to testify about its privileged communications and work with internal and external attorneys related to legal compliance. The Court should reject Plaintiff's overreach.

Specifically, as noted above, Amazon objected to the first three of Plaintiff's 30(b)(6) deposition topics, *inter alia*, to the extent they seek information protected by attorney-client and/or work product privilege. *See* Exh. 1.   Amazon has designated a witness to testify as to non-privileged information responsive to these requests (as properly limited by Amazon's other objections—*i.e.,* as to non-exempt Colorado warehouse employees). For example, Amazon has produced relevant policies about which its designee will be able to testify.  Moreover, as Defendant explained in its interrogatory responses on similar subjects:

> Defendant's payroll managers understand 29 C.F.R. 778.203, the federal regulation which provides that if an employee is paid a premium of time-and-a-half their base rate of pay for hours worked on a holiday, that premium pay may be excluded from the regular rate of pay when calculating the overtime pay rate. All 50 states follow this rule, and there is no case law nor any regulation or guidance from the Colorado Department of Labor indicating Colorado does not follow the federal standard in this area. Therefore, Amazon neither knew it could not, nor showed reckless disregard for whether it could, follow the federal law in how it paid overtime to non-exempt Colorado employees in workweeks in which employees both worked on a holiday and worked overtime.

5

*See* Exh. 2.[1]    However, Amazon's payroll team also relies on legal updates and analyses from internal and external counsel to ensure the continued proper payment of wages, including the proper payment of overtime under Colorado law, which includes determining which categories of pay are included in the regular rate of pay for overtime calculation purposes. Defendant has properly invoked attorney-client and work product privilege with respect to questioning on its efforts to ensure legal compliance with Colorado regular rate and overtime requirements—topics that go to the core of what the attorney-client privilege and work product doctrine are meant to protect.

In this case, Amazon did not willfully violate the Colorado Wage Act, C.R.S. 8-4-101 *et seq.*, and therefore, in the event the Court finds a violation, the proper statute of limitations is two years rather than three.   *See* C.R.S. 8-4-122.   Plaintiff appears to contend that by raising this defense in opposition to class certification [ECF. #49], Amazon has waived attorney-client privilege as to its efforts to comply with the pay requirements of Colorado law. Plaintiff is mistaken.   Amazon did not rely on any privileged information to assert that the proper limitations period in this action should be two years, so Amazon has not placed any privileged materials within the scope of discovery.   No court has ever held that a defendant waives attorney-client privilege by asserting the defense of a lack of willfulness under the Colorado Wage Act. The Fair Labor Standards Act ("FLSA") case law Plaintiff analogizes to is readily distinguishable, as it involves

---

[1] Plaintiff's complaints in this submission about Defendant's production are a red herring.  The 30(b)(6) notice contains no request for production of documents and Plaintiff's discovery dispute letter, which is not even before the Court in this hearing, also does not claim any deficiency with respect to such production.  To provide the Court with a complete record on the discovery dispute issues, Defendant's response to Plaintiff's discovery dispute letter is attached as Exhibit 4.

the FLSA's good faith defense, which has no equivalent in Colorado law and is not at issue in this case.

Under Colorado law, to establish that a wage violation was willful, Plaintiff "must prove that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Bayles v. Am. Med. Response of Colo., Inc*., 937 F. Supp. 1477, 1489 (D. Colo. 1996). "A finding of willfulness requires evidence that the employer knew it was violating the Act or that the employer consciously disregarded the consequences of its actions. If an employer acts unreasonably, but not recklessly, then its conduct is not willful." *Barber v. Marjon Corp*., 791 P.2d 1192, 1194 (Colo. App. 1989) (citations omitted); *see Jordan v. Maxim Healthcare Servs., Inc.,* 2018 WL 1535507, at *9 (D. Colo. Mar. 29, 2018), *rev'd and remanded*, 950 F.3d 724 (10th Cir. 2020) (internal citations omitted) (reversed on other grounds) (on summary judgment, ruling two-year statute of limitations applies because employer relied on Colorado Department of Labor opinion that its payment method complied with Colorado law, and noting that "The willful standard is a high threshold—essentially a punitive one—making it near-impossible for a plaintiff employee to prove because even where an employer acts unreasonably, but not recklessly, then its conduct is not willful…"). It is the employee's burden to prove the employer's conduct was willful. *Belcher v. Carbondale Mini-Storage, LLC*, 2020 WL 7329295, at *1 (Colo.Dist.Ct. June 26, 2020).

Courts regularly find violations are not willful where the issue is one of first impression or even where there are conflicting court decisions. *See, e.g., Cortes-Diaz v. DL Reforestation, Inc*., 2022 WL 833334, at *8-12 (D. Or. Mar. 21, 2022) (finding no willful violation as to claims for which "Plaintiffs acknowledge that there is no specific Oregon case law on point on these issues,

to such an extent that they moved to certify a question to the Oregon Supreme Court."); *De Luna-Guerrero v. N. Carolina Grower's Ass'n., Inc*., 370 F. Supp. 2d 386, 387–90 (E.D.N.C. 2005) (no willful violation on issue of first impression in circuit, which had been decided by only one other circuit*); Dalheim v. KDFW-TV*, 706 F. Supp. 493, 510-11 (N.D. Tex. 1988), aff'd, 918 F.2d 1220 (5th Cir. 1990) (violation not willful where overtime-exemption question as to broadcast journalism questions was apparently issue of first impression).

Unlike under Colorado law, under the FLSA, "A finding of 'willfulness' is relevant to two distinct questions: 1) whether Plaintiff, if successful in demonstrating a violation, will be entitled to liquidated double damages, 29 U.S.C. § [260]and 2) whether Plaintiff's claims are subject to a two or three year statute of limitations. 29 U.S.C. § 255." *Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1192 (D. Colo. 2012).   Although the recovery of liquidated damages and the application of a three-year limitations period under the FLSA both require defendants to have acted willfully, the term is construed differently in each context. *Id.* at 1192 (citing *Fowler v. Incor*, 279 Fed.Appx. 590, 599 (10th Cir. 2008) ("Although a standard of willfulness applies to both liquidated damages and the statute of limitations under the FLSA, the definitions and burdens of proof differ for each.")).

Specifically, 29 U.S.C. § 260 provides, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages."   For this "good faith defense" to liquidated damages under the FLSA, courts have held defendant has the burden of proof and may waive attorney-client privilege in certain circumstances where asserting the good faith defense.   This is

what the *Chipotle* case cited by Plaintiff held. *Scott v. Chipotle Mexican Grill, Inc.,* 67 F. Supp. 3d 607, 613 (S.D.N.Y. 2014) (defendant intended to offer evidence to establish its "good faith" to avoid liquidated damages under the FLSA). But as there is no liquidated damages provision in the Colorado Wage Act, Amazon has not asserted a "good faith defense" to liquidated damages under Colorado law, and Plaintiff's line of FLSA cases is inapplicable.

Although Plaintiff points to the provision of the Colorado Wage Act that provides that penalties can be increased by 50 percent "if the employee can show that the employer's failure to pay is willful," C.R.S. § 8-4-109(3)(c), this is a completely different standard than the FLSA's good faith defense to liquidated damages. On its face, the Wage Act's penalties provision states that it is the *employee*'s burden to show willfulness, opposite the burden for the FLSA good faith defense to liquidated damages. The Wage Act's statutory language is entirely different from the "good faith" showing required of defendants under the FLSA. Moreover, Amazon's opposition to Plaintiff's class certification motion only raised the three- versus two-year statute of limitations willfulness issue, not this damages issue. As the Court has only permitted discovery to date into liability, the damages issue raised by C.R.S. § 8-4-109(3)(c) is not even open for discovery at this time. Again, Plaintiff points to no case law ever finding a defendant waived privilege by asserting the Wage Act's 50 percent additional penalty provision did not apply. Amazon could not possibly have waived privilege as to a damages defense it has not even had opportunity to assert in this case.

In sharp contrast, even under the FLSA, on the statute of limitations willfulness issue, *plaintiff* has the burden of proof and there is no waiver where defendant invokes attorney-client privilege. *See Nelson v. Sabre Companies, LLC*, No. 115-cv-00314-BKS-TWD, 2018 WL

App. Vol. II 324

4030533, at *3 (N.D.N.Y. July 9, 2018) (in a FLSA claim, the court found that "As such, Defendants contend they have not waived the privilege merely by denying the Plaintiffs' allegation of willfulness. The Court agrees with Defendants that an issue waiver cannot result because of a denial of a claim asserted by the party seeking production, and on which that party has the burden of proof. [A] party cannot effectively force its adversary to waive its privilege implicitly with a pleading that brought the adversary's knowledge and good faith into issue because [t]hat would give an adversary who is a skillful pleader the ability to render the privilege a nullity . . . [w]hile the willfulness allegations affect the relevant statute of limitations period, pleading a statute of limitations defense is not the same as pleading a lack of willfulness.  The plaintiff bears the burden of proof on the issue of willfulness for the statute of limitations purposes. Therefore, the Court concludes that the pleading of a statute of limitations defense here does not put the Defendants' state of mind in issue for purposes of waiving the attorney-client privilege.") (internal citations and quotations omitted).  Similarly, here, Amazon has asserted a statute of limitations defense and has not relied on any privileged information in its Opposition, instead pointing to the fact that all 50 states follow the overtime payment rule Amazon used, and there is no case law nor any regulation or guidance from the Colorado Department of Labor indicating Colorado does not follow the federal standard in this area.  Thus, to the extent the court looks to FLSA analyses at all, the case law regarding the statute of limitations, not liquidated damages, is most instructive and in line with the applicable analysis under Colorado law, where only the statute of limitations, and not liquidated damages, is at issue.

Ultimately, Plaintiff tries to erode one of the most fundamental legal protections in pursuit of his speculative willfulness claim and shift the burden to Amazon to prove its lack of willfulness

in this case. But it cannot be that Amazon must waive its attorney-client privilege in this case simply by asserting the statute of limitations defense that any improper actions it took in this case were not willful. Indeed, Amazon is unaware of any case—and Plaintiff cites to none—that supports such an audacious position. Thus, Amazon asks the Court to confirm that Defendant's attorney-client privilege objections are proper and that questioning of Amazon's 30(b)(6) witness must be limited to non-privileged inquiries.

Respectfully submitted this November 4, 2022.

*/s/ David H. Miller*

_____

David H. Miller
Victoria E. Guzman
THE SAWAYA & MILLER LAW FIRM
1600 Ogden Street
Denver, Colorado 80218
Telephone: 303-839-1650
E-mail: DHMiller@sawayalaw.com
VGuzman@sawayalaw.com

*Counsel for the Plaintiff*


*s/ Jennifer S. Harpole_____*
Jennifer S. Harpole
Sarah K. Watt
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
jharpole@littler.com
swatt@littler.com
Telephone: 303.629.6200
Facsimile: 303.629.0200

*Attorneys for Defendant*
*Amazon.com Services LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00434-PAB-STV

DAN HAMILTON, individually and
on behalf of all others similarly situated

      Plaintiff,

v.

AMAZON.COM SERVICES LLC,
a Delaware limited liability company,

      Defendant.

---

**RESPONSE IN OPPOSITION TO DEFENDANT AMAZON.COM SERVICES LLC'S MOTION FOR CLARIFICATION OF MINUTE ORDER [DKT. #58] AND FOR EXPEDITED RULING**

---

Plaintiff Dan Hamilton ("Hamilton"), through the undersigned counsel, hereby responds to the Motion for Clarification of Minute Order [DKT. #58] and for Expedited Ruling[1] ("Motion for Clarification") filed by Defendant Amazon.com Services LLC ("Amazon") and states as follows:

## INTRODUCTION

Hamilton filed his individual and class action complaint in Colorado state court on January 14, 2022 ("Complaint"). *See* ECF No. 5. In his Complaint, Hamilton alleged that Amazon failed to pay him and the putative class members all overtime required by

---

[1] As the Court has already granted the request for Expedited Ruling, the Plaintiff does not respond to that portion of the Defendant's Motion for Clarification. *See* ECF No. 61.

Colorado law, because Amazon offered a premium rate for work performed on designated holidays, but failed to include that premium rate in the calculation of the regular rate for overtime purposes. *See generally* ECF No. 5. Amazon removed the case to federal court and filed a Motion to Dismiss on March 3, 2022. *See* ECF No. 1; ECF No. 15. In its Motion to Dismiss, Amazon requested the Court to dismiss the Complaint in its entirety, asserting that "Amazon was not legally required to include either of its two types of holiday pay when calculating the regular rate for overtime—that is, holiday pay for *not* working on a holiday, and holiday pay *for* working on a holiday." ECF No. 15 at 2. The Motion to Dismiss is fully briefed , but is still pending before the Court. *See* ECF No. 16; ECF No. 24. The Parties have engaged in a series of motions practice since that filing, and at issue currently is whether Amazon has put at issue the advice of counsel in its motions practice.

## **ARGUMENT**

The Parties attended a discovery dispute hearing on Tuesday, November 8, 2022, during which Magistrate Judge Varholak clearly set out his ruling stating that Amazon had indeed put at issue the advice of counsel through the filing of its Motion to Dismiss. Hamilton does not believe that further clarification is necessary. Whether Amazon's counsel failed to hear Magistrate Judge Varholak's statements due to their attempts to speak over Magistrate Judge Varholak is neither here nor there, as his ruling was clearly set out in the Courtroom Minutes/ Minute Order (ECF No. 58).

While Hamilton agrees with Amazon that the Parties focused on Amazon's statements in its Opposition to Plaintiff's Motion to Certify Class (ECF No. 49) in the

Parties Joint Statement, Hamilton does not agree with Amazon's argument that it did not assert a lack of willfulness in its Motion to Dismiss or in its Reply in Support of its Motion to Dismiss. Moreover, Hamilton does not agree with Amazon's argument that the Motion to Dismiss was not discussed during the November 8, 2022 hearing.

First, Magistrate Judge Varholak very clearly addressed Amazon's Motion to Dismiss during the hearing. While the Parties may not have addressed the Motion to Dismiss in requesting the hearing, Magistrate Judge Varholak opened the discussion by asking Amazon's counsel how its statements in its Motion to Dismiss that Amazon did not violate the law did not put the advice of counsel at issue. Magistrate Judge Varholak clearly asked Amazon's counsel how an affirmative defense against willfulness is any different or stronger than filing an entire Motion to Dismiss on the basis that Amazon's actions were lawful. Amazon's counsel attempted to speak over Magistrate Judge Varholak throughout the hearing, so perhaps that is why they now seek clarification. However, Amazon should not be permitted to delay this case due to their counsel's failure to politely listen while Magistrate Judge Varholak was speaking.

Second, Hamilton does not agree that "the question before the Court was whether, by filing the Opposition to Class Certification, Amazon waived privileged" as Amazon alleges. ECF No 59 at 2–3. While Hamilton may have quoted specific language from Amazon's Opposition to Class Certification, Hamilton did so in order to *briefly* describe the discovery dispute as per Magistrate Judge Varholak's practice standards. Hamilton agrees with Magistrate Judge Varholak's assessment that the Motion to Dismiss raises the issue of willfulness as well. While Amazon may not have stated the word "willful" in

3

its Motion to Dismiss, the basis of the Motion to Dismiss is Amazon's assertion that it acted in accordance with the law, which goes to the heart of willfulness. *See* ECF No. 15; *see also Nelson v. Sabre Companies, LLC,* No. 115CV00314BKSTWD, 2018 WL 4030533, at *4 (N.D.N.Y. July 9, 2018).

Hamilton believes that Magistrate Judge Varholak was generous to offer Amazon the opportunity to withdraw its Motion to Dismiss in order to avoid implicating the advice of counsel. There is no need for further clarification and Amazon should not be permitted to continue to delay this case, given its singular defense against Hamilton's claims goes directly to the advice of counsel. Whether or not the Court permits Amazon to "withdraw the objectionable portion of its *Opposition to Class Certification*" will have no effect on the issue of whether or not it has implicated the advice of counsel in this case, and it will not eliminate the fact that the Defendant has waived privilege elsewhere in this case. *See* ECF No. 59 at 1 (emphasis in original).

WHEREFORE, the Plaintiff respectfully asks the Court to deny the Defendant's request and to reinstate its Minute Order at ECF No. 58.

Respectfully submitted on this 11th day of November, 2022.

*/s/ David H. Miller_____*
David H. Miller
Victoria E. Guzman
SAWAYA & MILLER LAW FIRM
1600 Ogden Street
Denver, Colorado 80218
303.839.1650
dhmiller@sawayalaw.com
vguzman@sawayalaw.com

4

**CERTIFICATE OF SERVICE**

I certify that on this 11th day of November, 2022, I filed the foregoing document through the CM/ECF system, generating a true and accurate copy of the document to all counsel of record.

*/s/ Leroy Moya*

_____

Leroy Moya

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**MAGISTRATE JUDGE SCOTT T. VARHOLAK**

| | |
|---|---|
| Civil Action:22-cv-00434-PAB-STV | FTR - Reporter Deck - Courtroom A402 |
| Date: November 15, 2022 | Courtroom Deputy:  Monique Ortiz |

*Parties:*                                              *Counsel:*


DANIEL HAMILTON                              David Miller

      Plaintiff,

 v.


AMAZON.COM SERVICES LLC                Jennifer Harpole

      Defendant.

---

### COURTROOM MINUTES/MINUTE ORDER

---

**MOTION HEARING**
**Court in session:   10:30 a.m.**
Court calls case.  Appearance of counsel.

This matter is before the court on Defendant Amazon.com Services LLC's Motion for Clarification of Minute Order (ECF Doc. No. 58) and for Expedited Ruling [ECF Doc. No. 59, filed 11/9/2022].

Preliminary statements by the court.

For the reasons as stated on the record, it is:

**ORDERED:**     Defendant Amazon.com Services LLC's Motion for Clarification of Minute Order (ECF Doc. No. 58) and for Expedited Ruling [ECF Doc. No. 59] is **GRANTED**.  The court clarifies the Courtroom Minutes/Minute Order (ECF Doc. No. 58) and states that what put the attorney client privilege at issue was the response to the Motion for Class Certification [ECF Doc. No. 49].  Defendant shall have until

**November 22, 2022**, to file a revised opposition that does not contest the issue the willfulness.

HEARING CONCLUDED.
**Court in  recess:        10:42 a.m.**
Time In Court:            00:12

To order a transcript of this proceeding, contact Patterson Transcription Company at (303)755-4536 <u>OR</u> AB Litigation Services at (303)629-8534.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00434-PAB-STV

DAN HAMILTON, Individually and on behalf of
all others similarly situated,

                Plaintiff,

v.

AMAZON.COM SERVICES LLC,

           Defendant.

---

## DEFENDANT AMAZON.COM SERVICES LLC'S AMENDED OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY CLASS ACTION

---

Pursuant to the Court's November 15, 2022 Order (Dkt. #63), Defendant Amazon.com Services LLC ("Defendant" or "Amazon") respectfully submits this **Amended** Opposition to Plaintiff's Motion to Certify Class Action (the "Certification Motion") (Dkt. #26) filed by Plaintiff Dan Hamilton ("Plaintiff" or "Hamilton"). As set forth in Defendant's Motion to Dismiss (Dkt. #15) and Reply (Dkt #24), Plaintiff's Complaint fails to state a claim as a matter of law and should be dismissed with prejudice. Upon dismissal of the Complaint, the Certification Motion will be moot and should be denied on that basis. Should the Court deny the Motion to Dismiss, however, Amazon concedes that this matter would be appropriate for class treatment with respect to those proposed class members that meet the class criteria[1] and were employed on or after January 14,

---

[1] Hamilton seeks certification of a class consisting of all classes of U.S. non-exempt hourly employees who worked for Defendant in AMZL workplaces and Fulfillment Centers throughout Colorado who worked more than 40 hours during weeks in which they also worked on a company designated holiday ("Company Holiday"). (Dkt. #26 at 1-2). Company Holidays are New Year's

2020, *i.e.*, employed in the period starting two years prior to Plaintiff's filing of his Complaint. Because the Complaint fails to allege facts sufficient to show Amazon willfully violated Colorado law, the Court should deny the Certification Motion to the extent that it seeks to certify a class inclusive of persons that worked on a Company Holiday prior to January 14, 2020.

If the Court certifies the class prior to ruling on the Motion to Dismiss, the parties agree that the Court should delay the sending of notice to the class until a ruling on the Motion to Dismiss. With respect to the form and method of notice, Amazon objects to Plaintiff's proposal to notify the class of their eligibility to participate in the lawsuit by *five* separate means and proposes the use of a claims administrator to provide notice by U.S. mail and email, only. Amazon further objects to additional contents of the notice, as set forth in detail below.

## I.      RELEVANT FACTS

In or about November of 2017, Amazon hired Hamilton as a temporary hourly employee at one of its warehouse locations, converting him to a regular employee on March 25, 2018. (Dkt. #1). Amazon pays its non-exempt employees, such as Plaintiff, time-and-a-half for working on Company Holidays ("Holiday O/T Pay"). (*Id.*)   In addition, Amazon provides Plaintiff and its hourly employees with four, six, or eight hours of pay for holidays irrespective of whether they worked on the holiday. (*Id.*). Amazon does not include Holiday O/T Pay when calculating the regular rate of pay; *i.e.*, does not factor it into the overtime rate of pay. (*Id.*)

## II.     PROCEDURAL HISTORY

Plaintiff filed the Complaint, purportedly as a class action, against Defendant in state court

---

Day, Martin Luther King Jr. Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, and Christmas Day. (Dkt. #26, n.1).

on January 14, 2022 and served Amazon on January 18, 2022.  (Dkt. #01-1).  On February 17, 2022, Amazon timely removed the Complaint to this Court.  (Dkt. #01).  On March 3, 2022, Amazon filed its Motion to Dismiss, seeking dismissal of the Complaint in its entirety on the basis that Colorado law follows federal law (and the law of every other state) in not requiring employers that voluntarily provide employees premium pay for working on a holiday to include that holiday pay in the regular rate of pay for overtime.  The Motion to Dismiss has been fully briefed since April 7, 2022. (Dkt. #24).  On April 14, 2022, Plaintiff filed the Certification Motion. (Dkt. #26).  Plaintiff also filed a Motion for Order Certifying Determinative Question of Law to the Colorado Supreme Court ("Motion for Order") on April 14, 2022.  (Dkt. #27), which has been fully briefed since May 12, 2022. (Dkt. ##34, 40).

Defendant initially filed its Opposition to Plaintiff's Motion to Certify Class Action on June 16, 2022 ("Opposition").  (Dkt #63).  Plaintiff filed his Reply in Support of Motion to Certify Class Action ("Plaintiff's Reply") on June 29, 2022, which was accompanied by a revised proposed Notice of Class Action Lawsuit ("Revised Notice"). (Dkts. ## 53, 53-1).  Subsequently, on November 8, 2022, this Court found that Defendant had put advice of counsel at issue in its Motion to Dismiss. (Dkt. #58). Defendant sought clarification of that order, indicating its belief that the language the Court held put that advice at issue appeared, instead, in its Opposition to Class Certification. (Dkt. #59). The parties appeared before the Court on November 15, 2022, at which time the Court clarified that the language in question was in the Opposition. The Court further held that Defendant could file an amended Opposition that withdrew the language the Court found put the advice at counsel at issue, but continue to make other arguments. Defendant does so through this Amended Opposition.

## III.   ARGUMENT

### A.   Legal Standard for Class Certification.

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011). Federal Rule 23(a) sets out the standards for certifying a class action, specifying four prerequisites: (1) "the class is so numerous that joinder of all members is impracticable" (numerosity); (2) "there are questions of law or fact common to the class" (commonality); (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class" (typicality); and (4) "the representative parties will fairly and adequately protect the interest of the class" (adequacy). In addition to meeting the requirements of Rule 23(a), a plaintiff seeking certification of a class must also demonstrate that the class meets one of the Rule 23(b) requirements. *See* Fed. R. Civ. P. 23(b)(1)-(3). Here, Plaintiff claims he satisfies the requirements of Rule 23(b)(3): (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members" (predominance); and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" (superiority). *See* Dkt. #26, p. 2. Plaintiff bears the strict burden of proving that the Rule 23(a) and (b)(3) requirements are clearly met. *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006).

District Courts must "conduct[] a 'rigorous analysis' . . . addressing the rule's requirements 'through findings,' regardless of whether these findings necessarily 'overlap with issues on the merits.'" *Vallario v. Vandehey*, 554 F.3d 1259, 1266-67 (10th Cir. 2009); *see also Dukes*, 564 U.S. at 351 ("'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim"). Importantly, in *Dukes*, the Supreme Court held that Rule 23(a)(2)'s

"commonality" requirement could not be satisfied simply by raising common questions, "even in droves." 564 U.S. at 350. Instead, a class action plaintiff must raise a common question that "is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." *Id.*

### B. Plaintiff's Motion Should Be Denied with Respect to Purported Class Members Allegedly Injured Prior to January 14, 2020.

Plaintiff's Motion should be denied with respect to any persons that worked on a Company Holiday prior to January 14, 2020 because Plaintiff cannot show any common issue of *liability* with respect to them. Alternatively, the Court should exercise its inherent power to manage class actions and limit the class period to January 14, 2020 and later.

The limitations period for wage claims under Colorado law is ordinarily two years and may be extended to three years only when a plaintiff can prove that a violation was "willful." Colorado Overtime and Minimum Pay Standards Order #38 ("COMPS Order"), Rule 8.2; Colo. Rev. Stat. § 8-4-122; *see Farley v. Family Dollar Stores, Inc.*, No. 12–00325, 2013 WL 500446, at *1 (D. Colo. Feb. 11, 2013) ("The [CWA] has a two year statute of limitations for all actions unless the violation was willful[.]"). To establish that a wage violation under Colorado law was willful, "plaintiffs must prove that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Bayles v. Am. Med. Response of Colo., Inc.*, 937 F. Supp. 1477, 1489 (D. Colo. 1996) (applying the "willful" component of the FLSA) (quotations omitted.) That is, "[a] finding of willfulness requires evidence that the employer *knew* it was violating the Act or that the employer *consciously disregarded* the consequences of its actions. If an employer acts unreasonably, but not recklessly, then its conduct is not willful." *Barber v.*

*Marjon Corp.*, 791 P.2d 1192, 1194 (Colo. App. 1989) (emphasis added) (citations omitted).

Plaintiff's Complaint is devoid of any factual allegations that Defendant willfully violated Colorado law, instead containing only a conclusory request in the Prayer for Relief that the Court make a "finding that Defendant's behavior was willful." (Dkt. #1-1 at p. 8). The only Complaint allegation that possibly could be construed as supporting such a finding is the claim that because Amazon knew shift differentials had to be included in the regular rate, it should have known to include time-and-a-half premiums for working on a holiday in the regular rate. *Id.* at p. 5 ¶ 22. For its part, the Certification Motion contains no allegations whatsoever that Amazon's alleged violation of Colorado law was willful, asking the Court to certify a class of all workers over a three-year period without justifying that timeframe in any way. There is no basis for certifying a class that goes back three years from the filing of the Complaint.

### C. No Notice Should Issue Prior to the Court's Ruling on the Motion to Dismiss

Amazon requests the Court decide the pending motions in the order they were filed, *i.e.,* rule on the Motion to Dismiss prior to the Certification Motion. In a separate filing, Plaintiff has conceded that "if this Court were to decide the Motion to Certify Class prior to the Motion to Dismiss, it would make sense, and the Plaintiff would consent, to delay the sending of notice until the Motion to Dismiss is decided to avoid placing the burden of locating the contact information for over 10,000 individuals before it is necessary." (Dkt. #39 at 5-6).

### D. Text Message Notice, Workplace Posting, and Notice by Amazon Are Unwarranted.

Rule 23(c)(2) of the Federal Rules of Civil Procedure requires that notice to class members be "the best notice that is practicable under the circumstances, including individual notice to all

members who can be identified through reasonable effort." The primary purpose of this notice is for "for the protection of members of the class or otherwise for the fair conduct of the action" rather than "a device for the undesirable solicitation of claims." Fed. R. Civ. P. 23, Committee Notes on Rules – 1966 Amendment.

Here, Plaintiff proposes to notify the class by *five* separate methods: U.S. mail from Plaintiff's counsel, mailing from Amazon to current employees, email, text message, and workplace posting in "break rooms and other areas." (Dkt. #26 at 13-14).[2] Plaintiff provides no explanation why this shotgun approach of notice is warranted. *See Fenley v. Wood Group Mustang, Inc.*, 170 F.Supp.3d 1063, 1074 (S.D. Ohio 2016) (general rule is that notice is typically sent by a single method absent some showing that additional method will ensure receipt of notice); *see also Wolfram v. PHH Corp.*, No. 1:12-cv-599, 2012 WL 6676778 at *4 (S.D. Ohio Dec. 21, 2012) ("Courts generally approve only a single method for notification unless there is a reason to believe that method is ineffective."). The Tenth Circuit has held that first-class mail is sufficient notice to comply with Rule 23. *Fager v. CenturyLink Commc'ns, LLC*, 854 F.3d 1167, 1174 (10th Cir. 2016) ("First-class mail sufficed to give notice."); *see also Martinez v. Rial De Minas, Inc.*, No. 16-CV-01947-RM-KLM, 2017 WL 9509950, at *2 (D. Colo. Oct. 12, 2017).

Notice via first-class mail is generally considered to be the most accurate, reliable form of class certification notice. *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 630 (D. Colo. 2002) (court stating that "notification by first class mail is the preferred method in the unique circumstances of class certification notification. Such a mailing process ensures the integrity of a judicially

---

[2] Plaintiff's counsel did not confer with Defendant's counsel regarding the form of notice or distribution methods before filing the Certification Motion.

controlled communication directed to the intended audience."). Amazon, nevertheless, does not object to also providing notice via email, provided it is sent by a third-party administrator.

Amazon objects to sending notice via text message. Notification by electronic means is inherently less reliable. *See Stallings v. Antero Res. Corp.*, No. 1:17-CV-01939-RM-NYW, 2018 WL 1250610, at *8 (D. Colo. Mar. 12, 2018), *report and recommendation adopted*, No. 17-CV-01939-RM-NYW, 2018 WL 2561046 (D. Colo. Apr. 16, 2018) (court "not persuaded that multiple notices are required, and there has been no indication that electronic mail is any more reliable than U.S. Mail in this instance."). Even in *Thrower v. Universal Pegasus, Int'l Inc.*, 484 F. Supp. 3d 473 (S.D. Tex. 2020), cited by Plaintiff, the court recognized that text message notice has typically been limited to cases where there was some showing that notice by mail or email would be less reliable. *Id.* at 489-90 (court ordering text message notice because the case involved "pipeline workers who routinely travel for work and are away from their home for extended periods of time."). Plaintiff has made no such showing that first-class mail and email would be unreliable forms of notice warranting notice by text message.

The use of text message notice also would be unnecessarily invasive. *See Hammond v. Floor & Decor Outlets of Am., Inc.*, No. 3:19-cv-01099, 2020 WL 6459641, at *19 (M.D. Tenn. Nov. 3, 2020) (finding distribution of notice "through text message would be cumbersome and unnecessarily invasive."); *see also Anderson v. Minacs Grp. (USA) Inc.*, No. 16-13942, 2017 WL 1856276, *9 (E.D. Mich. May 9, 2017) (prohibiting text message notice as it would require production of the recipients' telephone numbers "and this is an unnecessary intrusion upon [their] privacy" and recognizing "transmission of notice by text message could well be viewed by the recipients as harassing in nature"); *Andrews v. Producers Service Corporation*, No.: 2:19-cv-2514,

2020 WL 4434865, *5 (S.D. Ohio Aug. 3, 2020) (ordering notice via first-class mail and email, denying request for text message notice). Here, notice through first-class mail and email is more than sufficient. The request for additional text message notice is excessive and should be denied.[3]

Next, there is no basis to post the Notice in Amazon's workplace because there is no suggestion of any expected difficulty locating **current** employees. *See Nelson*, 2018 WL 3023195, at *6-7 (rejecting request for workplace posting of FLSA notice because "[t]here is no evidence or suggestion that posting will reach a wider audience than mailing and, in fact, the potential class members reached by such posting—current employees—are the same employees for whom defendants most likely have current home address information."); *see also Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 500-01 (D. Neb. 2009). This Court has previously denied a request for a workplace posting where the plaintiff failed to show that doing so would reach a wider audience than mailing, and that same analysis is equally applicable here. *Kibler v. Kroger Companies*, No. 21-cv-00509-PAB-KMT, 2022 WL 268056, at *8 (D. Colo. Jan. 28, 2022).

In addition, break room posting would be disruptive to the workplace, as many Amazon employees who are not within the scope of the proposed class would see the posting, including exempt employees and those non-exempt employees who have not worked overtime hours during a week in which they also worked on a Company Holiday. *See Lane v. Atlas Roofing Corp.*, No. 4:11–cv–04066–SLD–JAG, 2012 WL 2862462, at *4 (C.D. Il. July 11, 2012) (holding that because "there is no showing that mail notice is insufficient, it is intrusive and unnecessary to order

---

[3] If a claims administrator reports that specific member(s) of the class have *both* their notice by first-class mail returned as undeliverable with no forwarding address able to be located, *and* their email notice bounced back as undeliverable, Amazon would not object to notice being sent via text message only to those otherwise unreachable class members.

posting of notice on Defendant's premises"); *McKinstry v. Developmental Essential Services, Inc.*, No. 2:16-CV-12565, 2017 WL 815666 at *3 (E.D. Mich. March 2, 2017).  Notice should only be targeted to those employees who fall within the scope of this case.

For the same reasons that a workplace posting of the Notice is unnecessary and excessive, Amazon should not be required to provide the Notice directly to current employees. *See Young v. Hobbs Trucking Co., Inc.*, No. 3:15-CV-991, 2016 WL 3079027, at *3 (M.D. Tenn. June 1, 2016) (allowing notice by U.S. mail only and prohibiting distribution with employee paychecks).  It is Plaintiff's responsibility under Rule 23 to provide notice.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 157 (1974). Yet, Plaintiff wants to improperly shift that burden to Amazon.  Having two separate mailings to the same address—one by Plaintiff's counsel (or a claims administrator, as discussed below) and one by Amazon—is a duplicative and unnecessary expense, especially with a class of this size.  Further, requiring Amazon to directly distribute the Notice places payroll personnel and supervisors in the position of receiving employee questions about the Notice and the lawsuit, which are more appropriately directed to a claims administrator.

### D.    A Third-Party Administrator Should Be Used.

Amazon strongly supports the use of a third-party administrator in this case. Plaintiff requests that his counsel be permitted to handle the distribution of the Notice to more than 10,000 individuals and oversee the opt-out process without a third-party administrator.  But, rather than focusing on whether the administration of notice is fair and appropriate, Plaintiff merely proposes his counsel administer Notice because it will be less expensive.  As the U.S. Supreme Court has explained, the cost of a Rule 23 notice is the plaintiff's expense to bear and does not govern whether proper notice is being given.  *See Eisen*, 417 U.S. at 157-158.

10

Courts have ordered the use of a third-party administrator to protect privacy rights and ensure the integrity of the process.  *See Cannon v. Time Warner NY Cable LLC*, No. 13-CV-02521-RM-MJW, 2014 WL 4401313, at *7 (D. Colo. Sept. 5, 2014), *report and recommendation adopted as modified*, No. 13-CV-02521-RM-MJW, 2014 WL 4980383 (D. Colo. Oct. 6, 2014); *In re Am. Fam. Mut. Ins. Co. Overtime Pay Litig.*, No. 06-CV-17430-WYD-CBS, 2009 WL 248677, at *4 (D. Colo. Feb. 3, 2009) ("use of a third-party administrator is appropriate to protect the integrity of the process and to protect the confidential information of potential opt-in plaintiffs.").  Here, a third-party administrator should be utilized, particularly given the class size and issuance of notice by email, to protect privacy rights and ensure the integrity of the opt-out process.

### E.     Plaintiff's Revised Notice[4] Requires Revisions.

Defendant objects to Section 12 of the Revised Notice which states as follows: "Colorado law prohibits retaliation against you in any way if you choose to participate in this case. You may be entitled to additional damages should a court determine that any adverse action was taken against you for joining or remaining in this lawsuit."  (Dkt. #26-2).  The first sentence of that paragraph is more than sufficient.  The second sentence appears to be legal advice and reads more like a solicitation with its suggestion of "additional damages."  It should not be included in the Notice.  *See Furlow v. Bullzeye Oilfield Serv., LLC*, No. SA–15–CA–1156–DAE, 2016 WL 7616704, *2 (W.D. Tex. May 4, 2016) (notice language stating putative class members should contact the court or their attorney if they believe they have been retaliated against was

---

[4] The Revised Notice addresses some of the concerns Defendant raised about the original Notice in its Opposition. For the ease of the Court, Defendant has deleted the corresponding arguments related to those concerns as they are now moot.  Defendant has not added any new argument with respect to the Revised Notice.

"unnecessary, unwarranted, and constitutes legal advice."); *cf. Sibley v. Sprint Nextel Corp.*, No. CIV.A. 08-2063-KHV, 2009 WL 662630, at *3 (D. Kan. Mar. 13, 2009) (rejecting anti-retaliation language altogether in Rule 23 class notice).

In addition, the Notice should be revised for the two-year limitations period to reflect a time period back to January 14, 2020 rather than January 14, 2019.

## CONCLUSION

Amazon opposes class certification because the Complaint fails to state a claim and should be dismissed. To the extent a class is certified, however, no Notice should issue prior to the Court's ruling on the Motion to Dismiss and the Notice should be limited to a two-year limitations period. The Court should also require use of a claims administrator and authorize notice by the administrator by U.S. mail and email only, and should make the other revisions to the form of Notice as set forth above.

Dated: November 21, 2022

Respectfully submitted,

*s/ Jennifer S. Harpole*
Jennifer S. Harpole
Sarah K. Watt
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
jharpole@littler.com
Telephone:   303.629.6200
Facsimile:   303.629.0200

**Attorneys for Defendant Amazon.com Services LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 21st day of November, 2022, I electronically filed the foregoing **DEFENDANT AMAZON.COM SERVICES LLC'S AMENDED OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY CLASS ACTION** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

David H. Miller
Victoria E. Guzman
THE SAWAYA & MILLER LAW FIRM
1600 Ogden Street
Denver, CO 80218
Telephone: (303) 551-7667
dhmiller@sawayalaw.com
vguzman@sawayalaw.com
*Attorneys for Plaintiff*

*s/ Elisabeth L. Egan*
Elisabeth L. Egan

4876-9977-9647.1 / 096748-1008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-00434-PAB-STV

DAN HAMILTON, Individually and on behalf of all others similarly situated,

     Plaintiff,

v.

AMAZON.COM SERVICES LLC,

     Defendant.

---

## ORDER

---

     This matter is before the Court on defendant Amazon.com Services LLC's Motion to Dismiss Plaintiff's Individual and Class Action Complaint [Docket No. 15] under Fed. R. Civ. P. 12(b)(6).  The Court has jurisdiction under 28 U.S.C. § 1332.

## I.  FACTUAL BACKGROUND[1]

     This case focuses on how Amazon.com Services, LLC ("Amazon") calculates overtime pay for its hourly employees.  Amazon owns and operates at least five warehouses in Colorado as part of its nationwide fulfillment network.  Docket No. 5 at 3, ¶¶ 8-9.  It employs "hundreds or even thousands of hourly employees" at these warehouses, including plaintiff Dan Hamilton.  *Id.*, ¶¶ 7-8.  Mr. Hamilton was offered various "incentive payment structures" throughout his employment with Amazon designed to encourage him to work additional shifts or to stay late after his scheduled

---

[1] The facts below are taken from plaintiff's complaint, Docket No. 5, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendant's motion to dismiss.

shifts.  *Id.* at 4, ¶ 11.  These incentives included Holiday Incentive Pay ("HIP"), consisting of 1.5 times the usual hourly pay rate, for working on designated company holidays, such as Labor Day or Thanksgiving Day.  *Id.,* ¶¶ 12-14.

Mr. Hamilton's complaint focuses on Amazon's treatment of HIP for purposes of calculating the rate of overtime pay.  *Id.*  Colorado law requires employers to pay overtime "at a rate of one and one-half times the regular rate of pay."  Colo. Rev. Stat. § 8-6-111(4).  The "regular rate" of pay is the "hourly rate actually paid to employees," which is determined by dividing the total compensation an employee was paid in a given week by the number of hours that the employee worked.  7 Colo. Code Regs. § 1103-1:1, § 1.8 (effective Jan. 1, 2022).  The resulting regular rate of pay is multiplied by 1.5 to determine the amount of additional overtime pay that an employee should receive for every overtime hour worked.[2]  Colo. Rev. Stat. § 8-6-111(4).

According to the complaint, Amazon improperly excluded HIP from its calculation of Mr. Hamilton's regular rate.  Docket No. 5 at 4, ¶ 19.  Amazon did not include HIP when adding up the total compensation that Mr. Hamilton was paid in a week, resulting in a lower regular rate of pay than if Amazon had included HIP.  *Id,* ¶¶ 19-20.  Because a worker's regular rate of pay determines the amount of overtime pay that the worker receives, Mr. Hamilton claims that Amazon's failure to include HIP in his regular rate of pay prevented Amazon from paying him all of the overtime he earned.  *Id.*  Mr. Hamilton alleges three specific instances where he claims to have been underpaid as a result of

---

[2] For example, if an employee's total pay for a given week was $600 for 50 hours of work, her regular rate would be $12 per hour, entitling her to $6 in overtime pay for each overtime hour that she worked.  As a result, she would earn an additional $60 in overtime premium pay for that week because she worked 10 overtime hours.

Amazon's policies regarding HIP: the week of November 24, 2019, the week of September 6, 2020, and the week of November 22, 2020. *Id.* at 7, ¶¶ 39-41.

Mr. Hamilton alleges that Amazon's practice of excluding HIP from the calculation of his regular rate violated Colorado wage law. *Id.*, ¶ 42. Furthermore, Mr. Hamilton claims that Amazon's pay policies were uniform with respect to U.S. non-exempt hourly employees working throughout Colorado. *Id.* at 5, ¶ 23. Because the policies were uniform, Mr. Hamilton seeks to certify a class claim against Amazon on behalf of all non-exempt hourly employees in Colorado who were subject to the policy and worked on a company holiday. *Id.*, ¶¶ 24-26.

Mr. Hamilton brings his case solely on the basis of Colorado state law. *See generally* Docket No. 5. Although the Colorado legislature sets the rate of overtime pay, it delegates the authority to prescribe the "conditions and rules" governing overtime compensation to the director of the Division of Labor. Colo. Rev. Stat. § 8-6-111(4); *see also Jordan v. Maxim Healthcare Servs., Inc.,* 950 F.3d 724, 727-28 (10th Cir. 2020) (describing the statutory and regulatory scheme). The Division of Labor promulgates orders each year that, among other things, define the regular rate of pay and describe the types of pay that employers must include when calculating the regular rate of pay. *See, e.g.,* 7 Colo. Code Regs. § 1103-1:1 § 1.8 (Jan. 1, 2022). The order in effect during the first week that Mr. Hamilton alleges he was underpaid, the week of November 24, 2019, was Colorado Minimum Wage Order # 35, 7 Colo. Code Regs. § 1103-1 (Jan. 1, 2019). The order in effect during the other occasions that Mr. Hamilton alleges he was underpaid, the weeks of September 6 and November 22, 2020, was Colorado Overtime and Minimum Pay Standards Order # 36, 7 Colo. Code

App. Vol. II 349

Regs. § 1103-1 (July 15, 2020).  For clarity, the Court will refer to these regulations as "the Orders."[3]

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Id.* at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alterations omitted).

## III.  ANALYSIS

Amazon asks the Court to dismiss Mr. Hamilton's complaint on the grounds that he has failed to state a claim upon which relief can be granted as a matter of law because "Colorado law does not require that holiday pay, and thus [HIP], to [sic] be included in the regular rate."  Docket No. 15 at 3.

Mr. Hamilton claims that Amazon's practice of excluding HIP from its calculation of the regular rate of pay violates Colorado statutory and regulatory law.  Docket No. 16

---

[3] The section of each order regulating the regular rate of pay is identical.  *Compare* Colorado Minimum Wage Order #35, 7 Colo. Code Regs. § 1103-1, § 2 (effective Jan. 1, 2019) *with* Colorado Overtime and Minimum Pay Standards Order # 36, 7 Colo. Code Regs. § 1103-1, § 1.8.1 (effective July 15, 2020).

4

at 1.  Mr. Hamilton asserts that, "[i]n most instances, Colorado Wage and Hour law provides rights that are greater than those provided by [federal law]," and notes that where an employee is covered by multiple overtime wage requirements, the Orders instruct the employer to apply the higher standard.  *Id.* at 8-9.  Mr. Hamilton also asserts that, because the Orders do not specifically incorporate the portion of the Federal Labor Standards Act ("FLSA") that allows employers to exclude premiums paid for work on holidays, 29 U.S.C. § 207(e)(6), the Colorado Department of Labor intended to afford workers rights that are greater than the FLSA with regard to such premium pay.  *Id*.

However, Mr. Hamilton's response does not identify a Colorado statute or regulation requiring employers to include premiums for working on holidays when calculating an employee's regular rate of pay and does not cite any caselaw in support of such a requirement.[4]  *See generally id*.  Mr. Hamilton's complaint likewise lacks any citation to a statute or regulation that contains such a requirement.  *See generally* Docket No. 5.

Mr. Hamilton's motion to certify the issue to the Colorado Supreme Court makes his position more clear.  *See* Docket No. 27.  In that motion, Mr. Hamilton alleges that, whereas Colorado law "incorporates principles from the FLSA in some circumstances while providing superior protections to those in the FLSA in others," Colorado law is "silent" as to the question of whether holiday premium pay should be included in the regular rate of pay.  *Id.* at 9; *see also* Docket No. 40 at 2 (same).  He further notes that "neither the Colorado Supreme Court, nor the Colorado Court of Appeals, nor the

---

[4] Mr. Hamilton also alleges that HIP must be included in the calculation of the regular rate because it is a "shift differential."  Docket No. 16 at 5-6.  However, Mr. Hamilton identifies no statute, regulation, or caselaw supporting this assertion.  *See generally id*.

[Colorado Department of Labor and Employment] has addressed" the question of "[w]hether a premium payment . . . for time worked on a holiday . . . may be excluded from the calculation of the regular rate of pay for overtime purposes under Colorado law."  Docket No. 27 at 3.

In short, Mr. Hamilton has not identified any Colorado statute, regulation, or controlling caselaw that requires Amazon to include HIP in its calculation of his regular rate of pay, nor is it his position that such a statute, regulation, or controlling legal precedent exists.[5]

Amazon, on the other hand, argues that Colorado law is not silent on the topic of premium pay for work on holidays and that Amazon is explicitly permitted to exclude HIP from its calculation of an employee's regular rate of pay because Colorado law permits the exclusion of "holiday pay."  Docket No. 15 at 5-7.  To support this assertion, Amazon references the following provision in the Orders:[6]

> [b]usiness expenses, bona fide gifts, discretionary bonuses, employer investment contributions, vacation pay, holiday pay, sick leave, jury duty, or other pay for non-work hours may be excluded from regular rates.

*Id.* at 6 (quoting 7 Colo. Code Regs. § 1103-1:1, § 1.8.1 (effective Jan. 1, 2022)). Amazon argues that the inclusion of the phrase "pay for non-work hours" at the end of

---

[5] Mr. Hamilton argues that "it is the employer's burden to establish that a certain exemption applies," Docket No. 16 at 9, but such a burden does not apply here as Mr. Hamilton has identified nothing for which an exemption is needed.

[6] Amazon quotes Colorado Minimum Pay Standards Order # 38.  This provision is identical to the corresponding provisions in the Orders.  *Compare* 7 Colo. Code Regs. § 1103-1:1 § 1.8.1 (effective Jan. 1, 2022) *with* Colorado Minimum Wage Order #35, 7 Colo. Code Regs. § 1103-1, § 2 (effective Jan. 1, 2019) *and* Colorado Overtime and Minimum Pay Standards Order # 36, 7 Colo. Code Regs. § 1103-1, § 1.8.1 (effective July 15, 2020).

the list "simply indicates that one or some of those categories are for non-work hours, but does not speak to whether *all* of them are."  Docket No. 24 at 4 (emphasis in original).  The Court rejects this argument since every other type of compensation listed is a type of pay for non-work hours.  The inclusion of the word "other" in the phrase "or other pay for non-work hours" indicates that "holiday pay" refers to compensation for non-work hours.  *See Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1169-1170 (2021) (interpreting a provision of the Telephone Consumer Protection Act such that a final modifying clause applied to both of the verbs that proceeded it); *Potts v. Ctr. for Excellence in Higher Educ., Inc.,* 908 F.3d 610, 615 (10th Cir. 2018) ("When there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series.") (alteration omitted) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts,* 147 (2012)).  Accordingly, HIP is not "holiday pay" within the meaning of the Orders because HIP is compensation for hours worked on company holidays.

The FLSA permits employers to exclude premiums for working on holidays from the calculation of a worker's regular rate of pay, so long as the holiday premium is at least 1.5 times the worker's rate of pay for non-overtime hours on other days.  29 U.S.C. § 207(e)(6).  Amazon's exclusion of HIP from the regular rate of pay complies with the FLSA, since HIP is 1.5 times a worker's usual hourly rate of pay.  Docket No. 5 at 4, ¶ 12.  Because Colorado law is silent on the topic of holiday premium pay, Amazon's practice of following the FLSA is not a violation of Colorado law.

## IV.  CONCLUSION

The Court finds that Colorado law is silent on whether Amazon was required to include HIP when calculating Mr. Hamilton's regular rate of pay.  Therefore, Mr. Hamilton has failed to state a claim that Amazon violated Colorado law.[7]

It is therefore

**ORDERED** that Defendant Amazon.com Services LLC's Motion to Dismiss Plaintiff's Individual and Class Action Complaint [Docket No. 15] is **GRANTED.**  It is further

**ORDERED** that plaintiff's Motion to Certify Class Action [Docket No. 26] and Motion for Order Certifying Determinative Question of Colorado Law to the Colorado Supreme Court [Docket No. 27] are **DENIED** as moot.  It is further

**ORDERED** that plaintiff's first claim is dismissed with prejudice.  It is further

**ORDERED** that the case is closed.

DATED March 3, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[7] Amazon argues that Court should apply the FLSA when interpreting Colorado law concerning holiday premium pay.  *See, e.g.,* Docket No. 15 at 7-10.  However, since Colorado law is silent on the matter, the question of whether the FLSA should be used to interpret Colorado law is irrelevant.

App. Vol. II 354

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-00434-PAB-STV

DAN HAMILTON, Individually and on behalf of all others similarly situated,

     Plaintiff,

v.

AMAZON.COM SERVICES LLC,

     Defendant.

---

**FINAL JUDGMENT**

---

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the Order [Docket No. 66] of Chief United States District Judge Philip A. Brimmer, entered on March 3, 2023, it is

ORDERED that Defendant Amazon.com Services LLC's Motion to Dismiss Plaintiff's Individual and Class Action Complaint [Docket No. 15] is GRANTED. It is further

ORDERED that plaintiff's Motion to Certify Class Action [Docket No. 26] and Motion for Order Certifying Determinative Question of Colorado Law to the Colorado Supreme Court [Docket No. 27] are DENIED as moot. It is further

ORDERED that plaintiff's first claim is dismissed with prejudice. It is further

ORDERED that final judgment is hereby entered in favor of defendant Amazon.com Services LLC and against plaintiff Dan Hamilton. It is further

ORDERED that the case is closed.

Dated at Denver, Colorado this 3rd day of March, 2023.

FOR THE COURT:
JEFFREY P. COLWELL, CLERK

By: <u>s/Emily Buchanan</u>
Emily Buchanan, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 22-cv-00434-PAB-STV**

**DAN HAMILTON,** individually and
on behalf of all others similarly situated

      **Plaintiff,**

v.

**AMAZON.COM SERVICES LLC,**
a Delaware limited liability company,

      **Defendant.**

---

## NOTICE OF APPEAL

---

Notice is hereby given, pursuant to Fed. R. App. P. Rules 3 and 4, Plaintiff Dan Hamilton,  in the above named case, through the undersigned counsel, hereby appeals to the United States Court of Appeals for the Tenth Circuit from the Final Judgment (Doc. No. 67) entered on March 3, 2023, granting the Defendant's Motion to Dismiss (Doc. No. 15) and denying the Plaintiff's Motion for Class Certification (Doc. No. 26) and Motion for Order Certifying Determinative Question of Colorado Law to the Colorado Supreme Court (Doc. No. 27).

Respectfully submitted on this 15th day of March, 2023.

                                    */s/ David H. Miller*
                                    David H. Miller
                                    Victoria E. Guzman
                                    WILHITE & MILLER LAW FIRM
                                    1600 Ogden Street
                                    Denver, Colorado 80218

303.839.1650
dhmiller@wilhitelawfirm.com
vguzman@wilhitelawfirm.com

*Attorneys for Plaintiff, Dan Hamilton*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this 15th day of March, 2023, I filed the foregoing Notice of Appeal through the CM/ECF system, generating a true and accurate copy of the document to all counsel of record.

*/s/ Leroy Moya*

_____

Leroy Moya

App. Vol. II 358



**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**OFFICE OF THE CLERK**

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

Jeffrey P. Colwell
*Clerk*

Phone: (303) 844-3433

Date: 3/17/2023

☐ Pro Se     ☒ Retained     ☐ CJA     ☐ FPD     USA or other
☐ Federal Agency
(Appeal Fee Exempt)

Case No: <u>22-cv-00434-PAB-STV</u>          ☐ Amended Notice of Appeal
☐ Other pending appeals
Date Filed: <u>03/15/2023</u>               ☐ Transferred Successive
§2254 or §2255
Appellant: <u>Daniel Hamilton</u>            ☐ Supplemental Record

Pro Se Appellant:
☐ IFP forms mailed/given      ☐ Motion IFP pending       ☐ Appeal fee paid
☐ IFP denied                  ☐ Appeal fee not paid

Retained Counsel:
☒ Appeal fee paid        ☐ Appeal fee not paid          ☐ Motion IFP filed

The Preliminary Record on Appeal is hereby transmitted to the Tenth Circuit Court of Appeals.  Please refer to the forms, procedures, and requirements for ordering transcripts, preparing docketing statements and briefs, and designations of the record that are found on the Tenth Circuit's website, www.ca10.uscourts.gov.

If not already completed, either an appeal fee payment for filing this case or filing of a motion to proceed *in forma pauperis* will be made to this District Court.

The transcript order form must be filed in the District Court as well as the Court of Appeals within 14 days after the notice of appeal was filed with the District Court.

If you have questions, please contact this office.

Sincerely,

JEFFREY P. COLWELL, CLERK

by:   s/ J. Torres
Deputy Clerk

Rev. 8/17/2017

cc:     Clerk of the Court, Tenth Circuit Court of Appeals

Rev. 8/17/2017

APPEAL,JD1,MJ CIV PP,NDISPO,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:22–cv–00434–PAB–STV

Hamilton v. Amazon.com Services LLC
Assigned to: Chief Judge Philip A. Brimmer
Referred to: Magistrate Judge Scott T. Varholak
Case in other court:  District Court of Arapahoe County,
               Colorado, 2022CV30070
Cause: 28:1332 Diversity – Employment

Date Filed: 02/17/2022
Date Terminated: 03/06/2023
Jury Demand: Plaintiff
Nature of Suit: 790 Other Labor Litigation
Jurisdiction: Diversity

**Plaintiff**

**Daniel Hamilton**
*Individually and on behalf of all others
similarly situated*

represented by **David H. Miller**
Sawaya Law Firm
1600 North Ogden Street
Denver, CO 80218
303–839–1650
Fax: 303–720–1650
Email: dhmiller@sawayalaw.com
*ATTORNEY TO BE NOTICED*

**Victoria Elizabeth Guzman**
The Wilhite Law Firm
1600 North Ogden Street
Denver, CO 80218
303–839–1650
Email: vguzman@wilhitelawfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Amazon.com Services LLC**

represented by **Sarah Katelyn Watt**
Littler Mendelson P.C.
1900 16th Street
Suite 800
Denver, CO 80202
303–362–6200
Email: swatt@littler.com
*ATTORNEY TO BE NOTICED*

**Jennifer S. Harpole**
Littler Mendelson P.C.
1900 16th Street
Suite 800
Denver, CO 80202
303–629–6200
Fax: 303–629–0200
Email: jharpole@littler.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/15/2023 | 68 | NOTICE OF APPEAL as to 67 Clerk's Judgment, 66 Order on Motion to Dismiss,, Order on Motion for Order, by Plaintiff Daniel Hamilton (Filing fee $ 505, Receipt Number ACODC–8992452) (Miller, David) (Entered: 03/15/2023) |
| 03/06/2023 | 67 | FINAL JUDGMENT re: 66 Order, by Clerk on 3/6/23. (sgrim) (Entered: 03/06/2023) |

| 03/03/2023 | 66 | ORDER. Defendant Amazon.com Services LLC's Motion to Dismiss Plaintiff's Individual and Class Action Complaint 15 is GRANTED. Plaintiff's Motion to Certify Class Action 26 and Motion for Order Certifying Determinative Question of Colorado Law to the Colorado Supreme Court 27 are DENIED as moot. Plaintiff's first claim is dismissed with prejudice. The case is closed, by Chief Judge Philip A. Brimmer on 3/3/23.(sgrim) (Entered: 03/06/2023) |
|---|---|---|
| 12/14/2022 | 65 | MINUTE ENTRY for Status Conference held before Magistrate Judge Scott T. Varholak on 12/14/2022. ORDERED: Status Conference set for 4/26/2023 11:00 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. FTR: A402. (morti, ) (Entered: 12/14/2022) |
| 11/21/2022 | 64 | RESPONSE to 26 MOTION to Certify Class *(Amended)* filed by Defendant Amazon.com Services LLC. (Harpole, Jennifer) (Entered: 11/21/2022) |
| 11/15/2022 | 63 | MINUTE ENTRY for Motion Hearing held before Magistrate Judge Scott T. Varholak on 11/15/2022. Defendant Amazon.com Services LLCs Motion for Clarification ofMinute Order (ECF Doc. No. 58) and for Expedited Ruling 59 is GRANTED. The court clarifies the Courtroom Minutes/Minute Order (ECF Doc. No. 58) and states that what put the attorney client privilege at issue was the response to the Motion for Class Certification [ECF Doc. No. 49]. Defendant shall have untilNovember 22, 2022, to file a revised opposition that does not contestthe issue the willfulness. FTR: A402. (morti, ) (Entered: 11/15/2022) |
| 11/11/2022 | 62 | RESPONSE to 59 First MOTION to Clarify re 58 Discovery Hearing, filed by Plaintiff Daniel Hamilton. (Miller, David) (Entered: 11/11/2022) |
| 11/09/2022 | 61 | MINUTE ORDER This matter is before the Court on 59 Defendant's Motion for Clarification. Plaintiff shall respond to the Motion not later than 11/14/2022. The Motion is set for a Hearing on 11/15/2022 at 10:30 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. It is FURTHER ORDERED that Defendant's leave to withdraw the filing, should they choose to do so, is EXTENDED to 11/22/2022. SO ORDERED, by Magistrate Judge Scott T. Varholak on 11/9/22. Text Only Entry (stvlc3, Andrew) (Entered: 11/09/2022) |
| 11/09/2022 | 60 | MEMORANDUM regarding 59 First MOTION to Clarify re 58 Discovery Hearing, filed by Amazon.com Services LLC. Motion referred to Magistrate Judge Scott T. Varholak, by Chief Judge Philip A. Brimmer on 11/09/2022. Text Only Entry (pabsec, ) (Entered: 11/09/2022) |
| 11/09/2022 | 59 | First MOTION to Clarify re 58 Discovery Hearing, by Defendant Amazon.com Services LLC. (Attachments: # 1 Exhibit Exhibit A)(Watt, Sarah) (Entered: 11/09/2022) |
| 11/08/2022 | 58 | MINUTE ENTRY for Telephonic Discovery Hearing held before Magistrate Judge Scott T. Varholak on 11/8/2022. ORDERED: The court finds that the Defendant has put at issue the advice of counsel, as stated on the record. The court will permit the Defendant, consistent with the line of cases stated on the record by the court, to withdraw the Motion to Dismiss [ECF Doc. No. 15], should theychoose to do so, within seven (7) days of the courts order today. FTR: A402. (morti, ) (Entered: 11/08/2022) |
| 11/03/2022 | 57 | MINUTE ORDER Pursuant to the request of the parties, this Matter is set for a Discovery Hearing on 11/8/2022 at 09:00 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. On or before 11/4/2022, the parties shall submit via email to Varholak_Chambers@cod.uscourts.gov a brief joint statement setting forth the issues to be resolved by the Court and the parties' respective positions on each issue. All parties that wish to participate in the 11/8/2022 Discovery Hearing by telephone may do so by calling 888.808.6929 at the scheduled time and utilizing access code: 2805116#. SO ORDERED, by Magistrate Judge Scott T. Varholak on 11/3/2022. Text Only Entry (stvlc4, ) (Entered: 11/03/2022) |
| 10/04/2022 | 56 | ORDER granting Plaintiff's 54 Unopposed Motion to Amend Scheduling Order. For good cause shown, the liability discovery cut–off date is EXTENDED to 11/9/2022, for the limited purpose of taking Defendant's 30(b)(6) deposition. SO ORDERED, by Magistrate Judge Scott T. Varholak on 10/4/22. Text Only Entry(stvlc3, Andrew) (Entered: 10/04/2022) |

| 10/04/2022 | 55 | MEMORANDUM regarding 54 Unopposed MOTION to Amend/Correct/Modify 38 Order filed by Daniel Hamilton. Motion referred to Magistrate Judge Scott T. Varholak, by Chief Judge Philip A. Brimmer on 10/04/2022. Text Only Entry (pabsec, ) (Entered: 10/04/2022) |
|---|---|---|
| 10/04/2022 | 54 | Unopposed MOTION to Amend/Correct/Modify 38 Order by Plaintiff Daniel Hamilton. (Miller, David) (Entered: 10/04/2022) |
| 06/29/2022 | 53 | REPLY to Response to 26 MOTION to Certify Class filed by Plaintiff Daniel Hamilton. (Attachments: # 1 Exhibit 1)(Miller, David) (Entered: 06/29/2022) |
| 06/27/2022 | 52 | ORDER granting 50 Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiff's First Set of Discovery Requests. Defendant's deadline to respond to Plaintiff's First Set of Written Discovery Requests is EXTENDED to July 18, 2022. The parties are advised that when a request for an extension would be the proper subject of a stipulation under D.C.Colo.LCivR 6.1(a) and there is no basis for the non−movant to oppose, the parties are encouraged to conserve judicial and party resources by so stipulating. SO ORDERED, by Magistrate Judge Scott T. Varholak on 6/27/22. Text Only Entry(stvlc3, Andrew) (Entered: 06/27/2022) |
| 06/24/2022 | 51 | MEMORANDUM regarding 50 Unopposed MOTION for Extension of Time to *Respond to Plaintiff's First Set of Discovery Requests* filed by Amazon.com Services LLC. Motion referred to Magistrate Judge Scott T. Varholak, by Chief Judge Philip A. Brimmer on 6/24/2022. Text Only Entry (pabsec, ) (Entered: 06/24/2022) |
| 06/24/2022 | 50 | Unopposed MOTION for Extension of Time to *Respond to Plaintiff's First Set of Discovery Requests* by Defendant Amazon.com Services LLC. (Harpole, Jennifer) (Entered: 06/24/2022) |
| 06/16/2022 | 49 | BRIEF in Opposition to 26 MOTION to Certify Class *Action* filed by Defendant Amazon.com Services LLC. (Watt, Sarah) (Entered: 06/16/2022) |
| 06/06/2022 | 48 | ORDER by Chief Judge Philip A. Brimmer on 6/6/2022, re: 47 Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiff's Motion to Certify Class Action is **GRANTED**. Defendant shall respond to 26 MOTION to Certify Class Action by June 16, 2022. Text Only Entry(pabsec, ) (Entered: 06/06/2022) |
| 06/06/2022 | 47 | Unopposed MOTION for Extension of Time to File Response/Reply as to 26 MOTION to Certify Class by Defendant Amazon.com Services LLC. (Harpole, Jennifer) (Entered: 06/06/2022) |
| 05/31/2022 | 46 | ORDER by Chief Judge Philip A. Brimmer on 5/31/2022, re: 35 Defendant's Motion to Stay Briefing on Plaintiff's Motion to Certify Class Action Pending Disposition of its Motion to Dismiss and for Expedited Briefing Schedule is **DENIED**. **ORDERED** that defendant's response to plaintiffs Motion to Certify Class Action 26 is due **June 9, 2022**. (sphil, ) (Entered: 05/31/2022) |
| 05/24/2022 | 45 | STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT by Magistrate Judge Scott T. Varholak on 23 May 2022. (cmadr, ) (Entered: 05/24/2022) |
| 05/24/2022 | 44 | ORDER granting 42 Joint Motion for Protective Order. The Court will enter the protective order proposed by the parties with modifications to Paragraph 6.3 to conform to the requirements the Court's Civil Practice Standards. SO ORDERED, by Magistrate Judge Scott T. Varholak on 5/24/22. Text Only Entry(stvlc3, Andrew) (Entered: 05/24/2022) |
| 05/23/2022 | 43 | MEMORANDUM regarding 42 MOTION for Protective Order filed by Amazon.com Services LLC. Motion referred to Magistrate Judge Scott T. Varholak by Chief Judge Philip A. Brimmer on 05/23/2022. Text Only Entry (pablc3) (Entered: 05/23/2022) |
| 05/23/2022 | 42 | MOTION for Protective Order by Defendant Amazon.com Services LLC. (Attachments: # 1 Stipulated Protective Order and Clawback Agreement)(Watt, Sarah) (Entered: 05/23/2022) |
| 05/17/2022 | 41 | REPLY to Response to 35 First MOTION to Stay *Briefing on Plaintiffs Motion To Certify Class Action Pending Disposition Of Its Motion To Dismiss And For Expedited Briefing Schedule* filed by Defendant Amazon.com Services LLC. (Watt, Sarah) (Entered: 05/17/2022) |

| | | |
|---|---|---|
| 05/12/2022 | 40 | REPLY to Response to 27 MOTION for Order to *Certify Determinative Question of Colorado Law to the Colorado Supreme Court* filed by Plaintiff Daniel Hamilton. (Miller, David) (Entered: 05/12/2022) |
| 05/12/2022 | 39 | RESPONSE to 35 First MOTION to Stay *Briefing on Plaintiffs Motion To Certify Class Action Pending Disposition Of Its Motion To Dismiss And For Expedited Briefing Schedule* filed by Plaintiff Daniel Hamilton. (Attachments: # 1 Exhibit 1)(Miller, David) (Entered: 05/12/2022) |
| 05/11/2022 | 38 | SCHEDULING ORDER by Magistrate Judge Scott T. Varholak on May 11, 2022. (csarr, ) (Entered: 05/11/2022) |
| 05/11/2022 | 37 | COURTROOM MINUTES/MINUTE ORDER for proceedings held before Magistrate Judge Scott T. Varholak: Scheduling Conference held on 5/11/2022. Liability Discovery due by 10/27/2022. Status Conference set for 12/14/2022 09:00 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. FTR: A−402. (amont, ) (Entered: 05/11/2022) |
| 05/11/2022 | 36 | ORDER by Chief Judge Philip A. Brimmer on 5/11/2022. The portion of Docket No. 35 requesting expedited briefing is **GRANTED**. Plaintiff shall file a response to the remaining portion of Docket No. 35 on or before **May 17, 2022**. Defendant may file a reply on or before **May 20, 2022**. Text Only Entry(pabsec, ) (Entered: 05/11/2022) |
| 05/10/2022 | 35 | First MOTION to Stay *Briefing on Plaintiffs Motion To Certify Class Action Pending Disposition Of Its Motion To Dismiss And For Expedited Briefing Schedule* by Defendant Amazon.com Services LLC. (Watt, Sarah) (Entered: 05/10/2022) |
| 05/05/2022 | 34 | RESPONSE to 27 MOTION for Order to *Certify Determinative Question of Colorado Law to the Colorado Supreme Court* filed by Defendant Amazon.com Services LLC. (Watt, Sarah) (Entered: 05/05/2022) |
| 05/04/2022 | 33 | Proposed Scheduling Order by Defendant Amazon.com Services LLC. (Watt, Sarah) (Entered: 05/04/2022) |
| 05/03/2022 | 32 | ORDER by Chief Judge Philip A. Brimmer on 5/3/2022 re: 31 Joint Motion for Extension of Time to Brief Plaintiff's Motion to Certify Class Action is GRANTED. Defendant shall respond to 26 MOTION to Certify Class Action on or before **June 2, 2022**. Plaintiff shall file any reply on or before **June 30, 2022**. Text Only Entry(pabsec, ) (Entered: 05/03/2022) |
| 05/02/2022 | 31 | Joint MOTION for Extension of Time to *Brief Plaintiff's Motion to Certify Class Action* by Defendant Amazon.com Services LLC. (Watt, Sarah) (Entered: 05/02/2022) |
| 04/26/2022 | 30 | MINUTE ENTRY for Motion Hearing held before Magistrate Judge Scott T. Varholak on 4/26/2022. 20 Defendant Amazon.Com Services LLCs Motion to Vacate theScheduling Conference, Stay Discovery Pending Disposition of Its Motion to Dismiss, and for Expedited Briefing Schedule is DENIED. Scheduling Conference set for 5/11/2022 03:15 PM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. Proposed Scheduling Order due on or before 5/4/2022. FTR: 402. (morti, ) (Entered: 04/26/2022) |
| 04/22/2022 | 29 | REPLY to Response to 20 MOTION to Vacate *the Scheduling Conference, Stay Discovery Pending Disposition of Its Motion to Dismiss, and for Expedited Briefing Schedule* filed by Defendant Amazon.com Services LLC. (Harpole, Jennifer) (Entered: 04/22/2022) |
| 04/19/2022 | 28 | RESPONSE to 20 MOTION to Vacate *the Scheduling Conference, Stay Discovery Pending Disposition of Its Motion to Dismiss, and for Expedited Briefing Schedule* filed by Plaintiff Daniel Hamilton. (Miller, David) (Entered: 04/19/2022) |
| 04/14/2022 | 27 | MOTION for Order to *Certify Determinative Question of Colorado Law to the Colorado Supreme Court* by Plaintiff Daniel Hamilton. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Miller, David) (Entered: 04/14/2022) |
| 04/14/2022 | 26 | MOTION to Certify Class by Plaintiff Daniel Hamilton. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Miller, David) (Entered: 04/14/2022) |
| 04/07/2022 | 25 | MINUTE ORDER This matter is before the Court on 20 Defendant's Motion to Vacate the Scheduling Conference, Stay Discovery Pending Disposition of Its Motion to |

| | | |
|---|---|---|
| | | Dismiss, and for Expedited Briefing Schedule (the "Motion to Stay"). When a motion to stay is filed prior to the scheduling conference, it is this Court's usual practice to vacate that scheduling conference to be reset after a ruling on the motion to stay and set the motion to stay for expedited briefing and hearing. The Court has reviewed 23 Plaintiff's preliminary response to the Motion to Stay and does not find any justification for the Court to dispose of its usual practice in this case. Plaintiff does not explain how he will be prejudiced by the small delay that would result if the scheduling conference is continued until after a ruling on the Motion to Stay and the Court does not perceive any. Nor does Plaintiff explain why he requires the full 21 days permitted under the standard briefing schedule to respond to the Motion to Stay. Accordingly, the Scheduling Conference set for 4/27/2022 10:30 AM, and associated deadlines, are VACATED to be reset after a ruling on the Motion to Stay and the Court sets the following expedited briefing schedule for the Motion to Stay: Plaintiff shall respond to the Motion to Stay on or before 4/19/2022, and Defendant may then file a reply on or before 4/22/2022. A Motion Hearing re: the Motion to Stay is set for 4/26/2022 01:00 PM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. SO ORDERED, by Magistrate Judge Scott T. Varholak on 4/7/2022. Text Only Entry (stvlc1, ) (Entered: 04/07/2022) |
| 04/07/2022 | 24 | REPLY to Response to 15 MOTION to Dismiss *Plaintiff's Individual and Class Action Complaint* filed by Defendant Amazon.com Services LLC. (Harpole, Jennifer) (Entered: 04/07/2022) |
| 04/07/2022 | 23 | RESPONSE to 20 MOTION to Vacate *the Scheduling Conference, Stay Discovery Pending Disposition of Its Motion to Dismiss, and for Expedited Briefing Schedule Preliminary as to Motion for Expedited Briefing Schedule* filed by Plaintiff Daniel Hamilton. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Miller, David) (Entered: 04/07/2022) |
| 04/07/2022 | 22 | MEMORANDUM regarding 20 MOTION to Vacate *the Scheduling Conference, Stay Discovery Pending Disposition of Its Motion to Dismiss, and for Expedited Briefing Schedule* filed by Amazon.com Services LLC. Motion referred to Magistrate Judge Scott T. Varholak, by Chief Judge Philip A. Brimmer on 4/07/2022. Text Only Entry (pabsec, ) (Entered: 04/07/2022) |
| 04/07/2022 | 21 | ORDER REFERRING CASE to Magistrate Judge Scott T. Varholak for **non–dispositive matters**. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, (3) hear and determine pretrial matters, including discovery and other non–dispositive motions, and (4) conduct a pretrial conference and enter a pretrial order. Court sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the recommendation or informal request of the magistrate judge or on the request of the parties by motion, this court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding, by Chief Judge Philip A. Brimmer on 4/07/2022. Text Only Entry (pabsec, ) (Entered: 04/07/2022) |
| 04/05/2022 | 20 | MOTION to Vacate *the Scheduling Conference, Stay Discovery Pending Disposition of Its Motion to Dismiss, and for Expedited Briefing Schedule* by Defendant Amazon.com Services LLC. (Watt, Sarah) (Entered: 04/05/2022) |
| 03/29/2022 | 19 | MEMORANDUM RETURNING CASE by Senior Judge Lewis T. Babcock on 3/29/2022. This case is randomly reassigned to Chief Judge Philip A. Brimmer and drawn to Magistrate Judge Scott T. Varholak. All future pleadings should be designated as **22–cv–00434–PAB**. (trvo, ) (Entered: 03/29/2022) |
| 03/28/2022 | 18 | CASE REASSIGNED pursuant to 17 Consent to Jurisdiction of Magistrate Judge. All parties do not consent. This case is randomly reassigned to Judge Lewis T. Babcock and drawn to Magistrate Judge Scott T. Varholak. All future pleadings should be designated as 22–cv–00434–LTB. (Text Only Entry) (cmadr, ) (Entered: 03/28/2022) |

| 03/28/2022 | 17 | CONSENT to Jurisdiction of Magistrate Judge by Plaintiff Daniel Hamilton All parties do not consent.. (Miller, David) (Entered: 03/28/2022) |
|---|---|---|
| 03/24/2022 | 16 | RESPONSE to 15 MOTION to Dismiss *Plaintiff's Individual and Class Action Complaint* filed by Plaintiff Daniel Hamilton. (Miller, David) (Entered: 03/24/2022) |
| 03/03/2022 | 15 | MOTION to Dismiss *Plaintiff's Individual and Class Action Complaint* by Defendant Amazon.com Services LLC. (Harpole, Jennifer) (Entered: 03/03/2022) |
| 02/25/2022 | 14 | ORDER granting 13 Defendant's Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint until 3/3/2022, by Magistrate Judge Scott T. Varholak on 2/25/2022. Text Only Entry(stvlc1, ) (Entered: 02/25/2022) |
| 02/24/2022 | 13 | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond *to Plaintiff's Complaint* by Defendant Amazon.com Services LLC. (Watt, Sarah) (Entered: 02/24/2022) |
| 02/22/2022 | 12 | NOTICE of Entry of Appearance by Sarah Katelyn Watt on behalf of Amazon.com Services LLCAttorney Sarah Katelyn Watt added to party Amazon.com Services LLC(pty:dft) (Watt, Sarah) (Entered: 02/22/2022) |
| 02/18/2022 | 11 | NOTICE of Entry of Appearance *of Victoria Elizabeth Guzman* by Victoria Elizabeth Guzman on behalf of All Plaintiffs Attorney Victoria Elizabeth Guzman added to party Daniel Hamilton (pty:pla) (Guzman, Victoria) (Entered: 02/18/2022) |
| 02/18/2022 | 10 | NOTICE of Entry of Appearance by David H. Miller on behalf of Daniel Hamilton Attorney David H. Miller added to party Daniel Hamilton (pty:pla) (Miller, David) (Entered: 02/18/2022) |
| 02/18/2022 | 9 | ORDER SETTING DEADLINE FOR FILING ELECTION CONCERNING CONSENT/NON–CONSENT TO MAGISTRATE JURISDICTION FORM AND SETTING SCHEDULING CONFERENCE by Magistrate Judge Scott T. Varholak on 18 February 2022. Consent Form due by 4/13/2022. Proposed Scheduling Order due 4/20/2022. Scheduling Conference set for 4/27/2022 10:30 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. (cmadr, ) (Entered: 02/18/2022) |
| 02/17/2022 | 8 | Magistrate Judge consent form issued pursuant to D.C.COLO.LCivR 40.1, direct assignment of civil actions to full time magistrate judges. (jsalz, ) (Entered: 02/18/2022) |
| 02/17/2022 | 7 | STATE COURT ORDER Granting Defendant's Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint. By John E. Scipione, District Court Judge, Arapahoe County on 02/08/2022. (jsalz, ) (Entered: 02/18/2022) |
| 02/17/2022 | 6 | AFFIDAVIT/RETURN of Service of Summons and Complaint upon Amazon.com Services, LLC on 01/18/2022. (jsalz, ) (Entered: 02/18/2022) |
| 02/17/2022 | 5 | Individual and Class Action COMPLAINT against Amazon.com Services LLC, filed by Daniel Hamilton.(jsalz, ) (Entered: 02/18/2022) |
| 02/17/2022 | 4 | Case assigned to Magistrate Judge Scott T. Varholak. Text Only Entry. (jsalz, ) (Entered: 02/18/2022) |
| 02/17/2022 | 3 | FIRST AND FINAL NOTICE TO ALL ATTORNEY(S) AND UNREPRESENTED PARTIES IN REMOVED, TRANSFERRED, OR OTHER CASES. To receive any further notice in a case removed or transferred to this court, or special matters including discovery disputes, bankruptcy appeals, or withdrawals of reference, Multi–district litigation (MDL), etc., all attorneys and unrepresented parties must enter an appearance under D.C.COLO.LAttyR 5(a). An attorney must be an active member of this court's bar and be in good standing in accordance with D.C.COLO.LAttyR 3. A waiver of the fee for bar admission may apply in limited situations. (Text Only Entry) (jsalz, ) (Entered: 02/18/2022) |
| 02/17/2022 | 2 | CORPORATE DISCLOSURE STATEMENT identifying Corporate Parent Amazon.Com Services, Inc., Corporate Parent Amazon.Com, Inc. for AMAZON.COM SERVICES LLC. (Harpole, Jennifer) (Entered: 02/17/2022) |
| 02/17/2022 | 1 | NOTICE OF REMOVAL by AMAZON.COM SERVICES LLC from District Court of Arapahoe County, Case Number 2022CV30070. (Filing fee $ 402, Receipt Number |

| | | ACODC–8325873), filed by AMAZON.COM SERVICES LLC. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I, # <u>10</u> Exhibit J, # <u>11</u> Exhibit K, # <u>12</u> Exhibit L, # <u>13</u> Exhibit M, # <u>14</u> Civil Cover Sheet)(Harpole, Jennifer) (Entered: 02/17/2022) |
|---|---|---|

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 22-cv-00434-PAB-STV**

**DAN HAMILTON,** individually and
on behalf of all others similarly situated

      **Plaintiff,**

v.

**AMAZON.COM SERVICES LLC,**
a Delaware limited liability company,

      **Defendant.**

---

## NOTICE OF APPEAL

---

Notice is hereby given, pursuant to Fed. R. App. P. Rules 3 and 4, Plaintiff Dan Hamilton,  in the above named case, through the undersigned counsel, hereby appeals to the United States Court of Appeals for the Tenth Circuit from the Final Judgment (Doc. No. 67) entered on March 3, 2023, granting the Defendant's Motion to Dismiss (Doc. No. 15) and denying the Plaintiff's Motion for Class Certification (Doc. No. 26) and Motion for Order Certifying Determinative Question of Colorado Law to the Colorado Supreme Court (Doc. No. 27).

Respectfully submitted on this 15th day of March, 2023.

                                  */s/ David H. Miller*
                                  David H. Miller
                                  Victoria E. Guzman
                                  WILHITE & MILLER LAW FIRM
                                  1600 Ogden Street
                                  Denver, Colorado 80218

Appellate Case: 23-1082    Document: 010110874679    Date Filed: 06/16/2023    Page: 79

303.839.1650
dhmiller@wilhitelawfirm.com
vguzman@wilhitelawfirm.com

*Attorneys for Plaintiff, Dan Hamilton*

## CERTIFICATE OF SERVICE

I certify that on this 15th day of March, 2023, I filed the foregoing Notice of Appeal through the CM/ECF system, generating a true and accurate copy of the document to all counsel of record.

*/s/ Leroy Moya*

_____

Leroy Moya

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00434-PAB-STV

DAN HAMILTON, Individually and on behalf of all others similarly situated,

     Plaintiff,

v.

AMAZON.COM SERVICES LLC,

     Defendant.

---

## FINAL JUDGMENT

---

     In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

     Pursuant to the Order [Docket No. 66] of Chief United States District Judge Philip A. Brimmer, entered on March 3, 2023, it is

     ORDERED that Defendant Amazon.com Services LLC's Motion to Dismiss Plaintiff's Individual and Class Action Complaint [Docket No. 15] is GRANTED.  It is further

     ORDERED that plaintiff's Motion to Certify Class Action [Docket No. 26] and Motion for Order Certifying Determinative Question of Colorado Law to the Colorado Supreme Court [Docket No. 27] are DENIED as moot.  It is further

     ORDERED that plaintiff's first claim is dismissed with prejudice.  It is further

     ORDERED that final judgment is hereby entered in favor of defendant Amazon.com Services LLC and against plaintiff Dan Hamilton.  It is further

ORDERED that the case is closed.

Dated at Denver, Colorado this 3rd day of March, 2023.

> FOR THE COURT:
> JEFFREY P. COLWELL, CLERK
>
> By: s/Emily Buchanan
> Emily Buchanan, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-00434-PAB-STV

DAN HAMILTON, Individually and on behalf of all others similarly situated,

     Plaintiff,

v.

AMAZON.COM SERVICES LLC,

     Defendant.

---

## ORDER

---

     This matter is before the Court on defendant Amazon.com Services LLC's Motion to Dismiss Plaintiff's Individual and Class Action Complaint [Docket No. 15] under Fed. R. Civ. P. 12(b)(6).  The Court has jurisdiction under 28 U.S.C. § 1332.

## I. FACTUAL BACKGROUND[1]

     This case focuses on how Amazon.com Services, LLC ("Amazon") calculates overtime pay for its hourly employees.  Amazon owns and operates at least five warehouses in Colorado as part of its nationwide fulfillment network.  Docket No. 5 at 3, ¶¶ 8-9.  It employs "hundreds or even thousands of hourly employees" at these warehouses, including plaintiff Dan Hamilton.  *Id.*, ¶¶ 7-8.  Mr. Hamilton was offered various "incentive payment structures" throughout his employment with Amazon designed to encourage him to work additional shifts or to stay late after his scheduled

---

[1] The facts below are taken from plaintiff's complaint, Docket No. 5, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendant's motion to dismiss.

shifts. *Id.* at 4, ¶ 11. These incentives included Holiday Incentive Pay ("HIP"), consisting of 1.5 times the usual hourly pay rate, for working on designated company holidays, such as Labor Day or Thanksgiving Day. *Id.,* ¶¶ 12-14.

Mr. Hamilton's complaint focuses on Amazon's treatment of HIP for purposes of calculating the rate of overtime pay. *Id.* Colorado law requires employers to pay overtime "at a rate of one and one-half times the regular rate of pay." Colo. Rev. Stat. § 8-6-111(4). The "regular rate" of pay is the "hourly rate actually paid to employees," which is determined by dividing the total compensation an employee was paid in a given week by the number of hours that the employee worked. 7 Colo. Code Regs. § 1103-1:1, § 1.8 (effective Jan. 1, 2022). The resulting regular rate of pay is multiplied by 1.5 to determine the amount of additional overtime pay that an employee should receive for every overtime hour worked.[2] Colo. Rev. Stat. § 8-6-111(4).

According to the complaint, Amazon improperly excluded HIP from its calculation of Mr. Hamilton's regular rate. Docket No. 5 at 4, ¶ 19. Amazon did not include HIP when adding up the total compensation that Mr. Hamilton was paid in a week, resulting in a lower regular rate of pay than if Amazon had included HIP. *Id,* ¶¶ 19-20. Because a worker's regular rate of pay determines the amount of overtime pay that the worker receives, Mr. Hamilton claims that Amazon's failure to include HIP in his regular rate of pay prevented Amazon from paying him all of the overtime he earned. *Id.* Mr. Hamilton alleges three specific instances where he claims to have been underpaid as a result of

---

[2] For example, if an employee's total pay for a given week was $600 for 50 hours of work, her regular rate would be $12 per hour, entitling her to $6 in overtime pay for each overtime hour that she worked. As a result, she would earn an additional $60 in overtime premium pay for that week because she worked 10 overtime hours.

Amazon's policies regarding HIP: the week of November 24, 2019, the week of September 6, 2020, and the week of November 22, 2020. *Id.* at 7, ¶¶ 39-41.

Mr. Hamilton alleges that Amazon's practice of excluding HIP from the calculation of his regular rate violated Colorado wage law. *Id.*, ¶ 42. Furthermore, Mr. Hamilton claims that Amazon's pay policies were uniform with respect to U.S. non-exempt hourly employees working throughout Colorado. *Id.* at 5, ¶ 23. Because the policies were uniform, Mr. Hamilton seeks to certify a class claim against Amazon on behalf of all non-exempt hourly employees in Colorado who were subject to the policy and worked on a company holiday. *Id.*, ¶¶ 24-26.

Mr. Hamilton brings his case solely on the basis of Colorado state law. *See generally* Docket No. 5. Although the Colorado legislature sets the rate of overtime pay, it delegates the authority to prescribe the "conditions and rules" governing overtime compensation to the director of the Division of Labor. Colo. Rev. Stat. § 8-6-111(4); *see also Jordan v. Maxim Healthcare Servs., Inc.,* 950 F.3d 724, 727-28 (10th Cir. 2020) (describing the statutory and regulatory scheme). The Division of Labor promulgates orders each year that, among other things, define the regular rate of pay and describe the types of pay that employers must include when calculating the regular rate of pay. *See, e.g.,* 7 Colo. Code Regs. § 1103-1:1 § 1.8 (Jan. 1, 2022). The order in effect during the first week that Mr. Hamilton alleges he was underpaid, the week of November 24, 2019, was Colorado Minimum Wage Order # 35, 7 Colo. Code Regs. § 1103-1 (Jan. 1, 2019). The order in effect during the other occasions that Mr. Hamilton alleges he was underpaid, the weeks of September 6 and November 22, 2020, was Colorado Overtime and Minimum Pay Standards Order # 36, 7 Colo. Code

Regs. § 1103-1 (July 15, 2020).  For clarity, the Court will refer to these regulations as "the Orders."[3]

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Id.* at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alterations omitted).

## III.  ANALYSIS

Amazon asks the Court to dismiss Mr. Hamilton's complaint on the grounds that he has failed to state a claim upon which relief can be granted as a matter of law because "Colorado law does not require that holiday pay, and thus [HIP], to [sic] be included in the regular rate."  Docket No. 15 at 3.

Mr. Hamilton claims that Amazon's practice of excluding HIP from its calculation of the regular rate of pay violates Colorado statutory and regulatory law.  Docket No. 16

---

[3] The section of each order regulating the regular rate of pay is identical.  *Compare* Colorado Minimum Wage Order #35, 7 Colo. Code Regs. § 1103-1, § 2 (effective Jan. 1, 2019) *with* Colorado Overtime and Minimum Pay Standards Order # 36, 7 Colo. Code Regs. § 1103-1, § 1.8.1 (effective July 15, 2020).

4

at 1.  Mr. Hamilton asserts that, "[i]n most instances, Colorado Wage and Hour law provides rights that are greater than those provided by [federal law]," and notes that where an employee is covered by multiple overtime wage requirements, the Orders instruct the employer to apply the higher standard.  *Id.* at 8-9.  Mr. Hamilton also asserts that, because the Orders do not specifically incorporate the portion of the Federal Labor Standards Act ("FLSA") that allows employers to exclude premiums paid for work on holidays, 29 U.S.C. § 207(e)(6), the Colorado Department of Labor intended to afford workers rights that are greater than the FLSA with regard to such premium pay.  *Id*.

However, Mr. Hamilton's response does not identify a Colorado statute or regulation requiring employers to include premiums for working on holidays when calculating an employee's regular rate of pay and does not cite any caselaw in support of such a requirement.[4]  *See generally id*.  Mr. Hamilton's complaint likewise lacks any citation to a statute or regulation that contains such a requirement.  *See generally* Docket No. 5.

Mr. Hamilton's motion to certify the issue to the Colorado Supreme Court makes his position more clear.  *See* Docket No. 27.  In that motion, Mr. Hamilton alleges that, whereas Colorado law "incorporates principles from the FLSA in some circumstances while providing superior protections to those in the FLSA in others," Colorado law is "silent" as to the question of whether holiday premium pay should be included in the regular rate of pay.  *Id.* at 9; *see also* Docket No. 40 at 2 (same).  He further notes that "neither the Colorado Supreme Court, nor the Colorado Court of Appeals, nor the

---

[4] Mr. Hamilton also alleges that HIP must be included in the calculation of the regular rate because it is a "shift differential."  Docket No. 16 at 5-6.  However, Mr. Hamilton identifies no statute, regulation, or caselaw supporting this assertion.  *See generally id*.

[Colorado Department of Labor and Employment] has addressed" the question of "[w]hether a premium payment . . . for time worked on a holiday . . . may be excluded from the calculation of the regular rate of pay for overtime purposes under Colorado law."  Docket No. 27 at 3.

In short, Mr. Hamilton has not identified any Colorado statute, regulation, or controlling caselaw that requires Amazon to include HIP in its calculation of his regular rate of pay, nor is it his position that such a statute, regulation, or controlling legal precedent exists.[5]

Amazon, on the other hand, argues that Colorado law is not silent on the topic of premium pay for work on holidays and that Amazon is explicitly permitted to exclude HIP from its calculation of an employee's regular rate of pay because Colorado law permits the exclusion of "holiday pay."  Docket No. 15 at 5-7.  To support this assertion, Amazon references the following provision in the Orders:[6]

> [b]usiness expenses, bona fide gifts, discretionary bonuses, employer investment contributions, vacation pay, holiday pay, sick leave, jury duty, or other pay for non-work hours may be excluded from regular rates.

*Id.* at 6 (quoting 7 Colo. Code Regs. § 1103-1:1, § 1.8.1 (effective Jan. 1, 2022)).

Amazon argues that the inclusion of the phrase "pay for non-work hours" at the end of

---

[5] Mr. Hamilton argues that "it is the employer's burden to establish that a certain exemption applies," Docket No. 16 at 9, but such a burden does not apply here as Mr. Hamilton has identified nothing for which an exemption is needed.

[6] Amazon quotes Colorado Minimum Pay Standards Order # 38.  This provision is identical to the corresponding provisions in the Orders.  *Compare* 7 Colo. Code Regs. § 1103-1:1 § 1.8.1 (effective Jan. 1, 2022) *with* Colorado Minimum Wage Order #35, 7 Colo. Code Regs. § 1103-1, § 2 (effective Jan. 1, 2019) *and* Colorado Overtime and Minimum Pay Standards Order # 36, 7 Colo. Code Regs. § 1103-1, § 1.8.1 (effective July 15, 2020).

the list "simply indicates that one or some of those categories are for non-work hours, but does not speak to whether *all* of them are."  Docket No. 24 at 4 (emphasis in original).  The Court rejects this argument since every other type of compensation listed is a type of pay for non-work hours.  The inclusion of the word "other" in the phrase "or other pay for non-work hours" indicates that "holiday pay" refers to compensation for non-work hours.  *See Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1169-1170 (2021) (interpreting a provision of the Telephone Consumer Protection Act such that a final modifying clause applied to both of the verbs that proceeded it); *Potts v. Ctr. for Excellence in Higher Educ., Inc.,* 908 F.3d 610, 615 (10th Cir. 2018) ("When there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series.") (alteration omitted) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts,* 147 (2012)).  Accordingly, HIP is not "holiday pay" within the meaning of the Orders because HIP is compensation for hours worked on company holidays.

The FLSA permits employers to exclude premiums for working on holidays from the calculation of a worker's regular rate of pay, so long as the holiday premium is at least 1.5 times the worker's rate of pay for non-overtime hours on other days.  29 U.S.C. § 207(e)(6).  Amazon's exclusion of HIP from the regular rate of pay complies with the FLSA, since HIP is 1.5 times a worker's usual hourly rate of pay.  Docket No. 5 at 4, ¶ 12.  Because Colorado law is silent on the topic of holiday premium pay, Amazon's practice of following the FLSA is not a violation of Colorado law.

## IV.  CONCLUSION

The Court finds that Colorado law is silent on whether Amazon was required to include HIP when calculating Mr. Hamilton's regular rate of pay.  Therefore, Mr. Hamilton has failed to state a claim that Amazon violated Colorado law.[7]

It is therefore

**ORDERED** that Defendant Amazon.com Services LLC's Motion to Dismiss Plaintiff's Individual and Class Action Complaint [Docket No. 15] is **GRANTED.**  It is further

**ORDERED** that plaintiff's Motion to Certify Class Action [Docket No. 26] and Motion for Order Certifying Determinative Question of Colorado Law to the Colorado Supreme Court [Docket No. 27] are **DENIED** as moot.  It is further

**ORDERED** that plaintiff's first claim is dismissed with prejudice.  It is further

**ORDERED** that the case is closed.

DATED March 3, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[7] Amazon argues that Court should apply the FLSA when interpreting Colorado law concerning holiday premium pay.  *See, e.g.,* Docket No. 15 at 7-10.  However, since Colorado law is silent on the matter, the question of whether the FLSA should be used to interpret Colorado law is irrelevant.

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert                                                    Jane K. Castro
Clerk of Court                                                         Chief Deputy Clerk

March 17, 2023


Ms. Victoria E. Guzman
Mr. David Hunter Miller
Wilhite, Rose, McClure & Sawaya
1600 Ogden Street
Denver, CO 80218


**RE:**     **23-1082, Hamilton v. Amazon.com Services LLC**
           Dist/Ag docket: 1:22-CV-00434-PAB-STV

Dear Counsel:

Your appeal has been docketed, and the appeal number is above.

**Within 14 days** from the date of this letter, Appellant's counsel must electronically file:

- **An entry of appearance and certificate of interested parties** per 10th Cir. R.
  46.1(A) and (D).
- **A docketing statement** per 10th Cir. R. 3.4.
- **A transcript order form or notice that no transcript is necessary** per 10th Cir.
  R. 10.2. This form must be filed in **both** the district court and this court.

**In addition, all counselled entities** that are required to file a Federal Rule of Appellate
Procedure 26.1 disclosure statement must do so **within 14 days of the date of this letter**.
All parties must refer to Federal Rule of Appellate Procedure 26.1 and Tenth Circuit Rule
26.1 for applicable disclosure requirements. All parties required to file a disclosure
statement must do so even if there is nothing to disclose. Rule 26.1 disclosure statements
must be promptly updated as necessary to keep them current.

**Also within 14 days**, Appellee's counsel must electronically file an entry of appearance
and certificate of interested parties. **Attorneys that do not enter an appearance within
the specified time frame will be removed from the service list.**

The Federal Rules of Appellate Procedure, the Tenth Circuit Rules, and forms for the
aforementioned filings are on the court's website. The Clerk's Office has also created a
set of quick reference guides and checklists that highlight procedural requirements for
appeals filed in this court.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:     Jennifer Harpole
        Sarah Katelyn Watt

CMW/na

**TRANSCRIPT ORDER FORM - DIRECTIONS ON THE REVERSE SIDE**

**PART I - To be completed by appellant within fourteen days of filing the notice of appeal.**

Short Title: Hamilton v Amazon.com Services LLC          District Court Number: 22-cv-00434-PAB-STV

District: Colorado                                       Circuit Court Number: 23-1082

Name of Attorney/Pro Se Party: David H. Miller          Email Address: DHMiller@wilhitelawfirm.com

    Name of Law Firm/Office: Wilhite & Miller Law Firm Telephone: (303) 551-7667

    Address: 1600 N Ogden Street, Denver, CO 80218

    Attorney for: Plaintiff-Appellant, Dan Hamilton

Name of Court Reporter: _____

Name of Court Reporter (if ordering from more than one):_____

**PART II- Complete SECTION A (if not ordering a transcript) or SECTION B (if ordering transcript(s)).**

*SECTION A -*    **I HAVE NOT ORDERED A TRANSCRIPT BECAUSE**

    ☒ A transcript is not necessary for this appeal;

    [] The necessary transcript is already on file in District Court; or

    [] The necessary transcript was ordered previously in appeal

        number _____

*SECTION B -*    **I HEREBY ORDER THE FOLLOWING TRANSCRIPT(S):**

    (Specify the date and proceeding in the space below)

Voir dire:_____          Opening Statements:_____

Trial proceedings: _____          Closing Arguments:_____

Jury Instructions: _____           Other Proceedings: _____

Post-Trial Hearings: _____          Other Proceedings: _____

    (Attach additional pages if necessary)

    [] **I will pay the cost of the transcript. My signature on this form is my agreement to pay for the transcript ordered on this form.**

    [] **This case is proceeding under the Criminal Justice Act.**

    **IF THIS APPEAL IS PROCEEDING UNDER THE CJA PLEASE NOTE YOU MUST ALSO TAKE ALL STEPS REQUIRED IN EVOUCHER IN ORDER TO COMPLETE PAYMENT ARRANGEMENTS.**

**NOTE:** Leave to proceed *in forma pauperis* does not entitle appellant to a free transcript. An order of the district court allowing payment for the transcript at government expense must be obtained. *See* 28 U.S.C. §753(f).

**CERTIFICATE OF COMPLIANCE**

I certify that I have read the instructions on the reverse of this form and that copies of this transcript order form have been served on the **court reporter (if transcript ordered), the Clerk of U.S. District Court, all counsel of record or pro se parties, and the Clerk of the U.S. Court of Appeals for the Tenth Circuit.** I further certify that satisfactory arrangements for payment for any transcript ordered have been made with the court reporter(s).

Signature of Attorney/Ordering Party: */s/ David H. Miller*          Date: 3/29/23

**PART III -** **To be completed by the court reporter after satisfactory financial arrangements have been made.**

Upon completion, please file one copy with the Clerk of the U.S. Court of Appeals and one copy with the Clerk of the U.S. District Court.

Date arrangements for payment completed: _____

Estimated completion date: _____

Estimated number of pages: _____

I certify that I have read the instructions on the reverse side and that adequate arrangements for payment have been made.

Signature of Court Reporter: _____          Date:_____

---

## DIRECTIONS FOR USING THIS FORM

This form requires multiple distribution, service and filing. The responsibilities of each party and the court reporter are described below.

### 1. APPELLANT

**Whether or not a transcript is ordered,** appellant or his counsel must complete Part I and Part II of this form. Upon completion, appellant must serve a copy on:

        a. the Court Reporter (if a transcript is ordered),

        b. all parties,

        c. the Clerk of the U.S. District Court, and

        d. the Clerk of the U.S. court of Appeals.

If a transcript is ordered, the appellant must obtain execution of this form by the court reporter(s) who recorded the proceedings. Within the 14-day period allowed for ordering the transcript under Fed. R. App. P. 10(b)(1), appellant must make adequate arrangements for payment for the transcript. **The Court Reporter may require a deposit equal to the full estimated cost of the transcript.** See 28 U.S.C. §753(f).

Unless the entire transcript is ordered, appellant shall serve on appellee(s) a statement of the issues he intends to present on appeal. See Fed. R. App. P. 10(b)(3). The Docketing Statement required by 10th Cir. R. 3.4 fulfills this requirement.

Those portions of the transcripts that are filed that are pertinent to the appeal must be included in appellant's appendix or, in cases where counsel is appointed, designated for inclusion in the record on appeal. See 10th Cir. R. 10.2.2, 10.3.2(d) and 30.1.1.

### 2. APPELLEE

Unless the entire transcript is ordered, appellee may, within 28 days of filing of the notice of appeal, file and serve on appellant a designation of additional transcript to be included. If, within 14 days, appellant does not order and pay for the transcript so designated, appellee may, within a further 14 days, order and pay for the transcript or move in the district court for an order compelling appellant to do so. See Fed. R. App. P. 10(b)(3).

### 3. COURT REPORTER

After receipt of this form and **after satisfactory financial arrangements have been made**, the court reporter shall complete Part III of this form and certify the date the transcript was ordered and estimate the date it will be completed. The estimated completion date must

**A-8**  Transcript Order Form 4/97

comply with the Tenth Circuit Judicial Council's mandated district court Court Reporter Management Plans. Transcripts in a criminal case (includes 28 U.S.C. §§ 2241, 2254, 2255) shall be filed within 30 days of the date arrangements for payment are made. Transcripts in a civil case shall be filed within 60 days of the date arrangements for payment are made. **Court Reporters are subject to a mandatory fee reduction if transcripts are not timely filed.** <u>See</u> Appellate Transcript Management Plan for the Tenth Circuit, 10th Cir. R., App. B.

The completed form must be served on:
        a. the Clerk of the District Court and
        b. the Clerk of the Court of Appeals.

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Message-Id:9089341@cod.uscourts.gov
Subject:Activity in Case 1:22-cv-00434-PAB-STV Hamilton v. Amazon.com Services LLC Letter
re Record Complete
```
Content–Type: text/html

## U.S. District Court – District of Colorado

### District of Colorado

**Notice of Electronic Filing**

The following transaction was entered on 3/31/2023 at 11:14 AM MDT and filed on 3/31/2023

| | |
|---|---|
| **Case Name:** | Hamilton v. Amazon.com Services LLC |
| **Case Number:** | 1:22–cv–00434–PAB–STV |
| **Filer:** | |

**WARNING: CASE CLOSED on 03/06/2023**

**Document Number:** 72(No document attached)

**Docket Text:**
**LETTER TO USCA and all counsel certifying the record is complete as to [68] Notice of Appeal. A transcript order form was filed stating that a transcript is not necessary. ( Appeal No. 23–1082) Text Only Entry. (jtorr, )**

**1:22–cv–00434–PAB–STV Notice has been electronically mailed to:**

David H. Miller     dhmiller@sawayalaw.com, dhmiller80205@gmail.com, docket@sawayalaw.com

Jennifer S. Harpole     jharpole@littler.com, cgarcia@littler.com, legan@littler.com

Sarah Katelyn Watt     swatt@littler.com, VicRamirez@littler.com, mmathews@littler.com

Victoria Elizabeth Guzman     vguzman@wilhitelawfirm.com, victoria.guzman@colorado.edu

**1:22–cv–00434–PAB–STV Notice has been mailed by the filer to:**